UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

     VS.

                              NOTICE OF MOTION
                              19-CR-106-LJV-MJR

JEFFREY RICHARDS

                    Defendant

| | |
|---|---|
| **MOTION BY:** | Michael J.   Stachowski, Esq.<br>Attorney for Jeffrey Richards |
| **PLACE:** | Before the Honorable Michael Roemer,<br>United States Courthouse, 2 Niagara<br>Square, Buffalo, NY14202 |
| **SUPPORTING PAPERS:** | Affirmation of Michael J. Stachowski, Esq.<br>Dated October 23, 2019 |
| **RELIEF REQUESTED:** | For suppression of evidence and other forms of relief |
| **DATED:**   Buffalo, New York,<br>October 23, 2019 | |

Respectfully Submitted,

S/Michael J.   Stachowski
MICHAEL J.   STACHOWSKI, ESQ.
MICHAEL J.   STACHOWSKI, P.C.
Attorney for Jeffrey Richards
2025 Clinton Street
Buffalo, NY 14202
(716) 824-5353
Stachlaw@aol.com ; t.lasker@aol.com

TO:    James P. Kennedy, Jr.
        United States Attorney
        Brendan T. Cullinane
        Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------

UNITED STATES OF AMERICA

      VS.                                                  ATTORNEY AFFIRMATION

JEFFREY RICHARDS

                       Defendant

-------------------------------------------------------------------------------

STATE OF NEW YORK   )
COUNTY OF ERIE       )  SS:

**MICHAEL J. STACHOWSKI, ESQ.**, under penalty of perjury, states:

1.     I represent Jeffrey Richards, the defendant in the above entitled action brought by the United States of America.  This affidavit is submitted in support of this motion.

2.     I make this Affirmation based upon my own investigation of the case, conversations had with the defendant and potential witnesses, and a review of the discovery materials thus far supplied by the United States Attorney's Office.

3.     This case arises out of an alleged conspiracy to distribute drugs. Count 1 of the 12-count Indictment charges the defendant with conspiring to distribute, and to possess with the intent to distribute acetyl fentanyl, cocaine, marijuana and alprazolam in violation of Title 21, United States Code, §846.  Mr. Richards is also charged with 8 other counts, to wit: possession with the intent to distribute and distribution of 100 grams or more of acetyl fentanyl and 40 grams of phenyl propenamide in violation of Title 21, § 841(a)(1), 841(b)(1)(A), 841(b)(1)(B) and Title 18, United States Code § 2 (Count 2); unlawfully possession with the intent to distribute and distribution of cocaine, marijuana and alprazolam in violation of Title 21, United States Code § 841(a)(1) and 841(b)(2)  841(b)(1)(C) (counts 3, 4 and 5); maintaining a drug-involved premises at 4 Packard Road, Apt. D, Niagara Falls, New York in violation of Title 21 § 856(a)(1) (count 6); manufacturing acetyl fentanyl creating a substantial risk

1

of harm to human life in violation of Title 21, United States Code § 858 and Title 18, United States Code § 2 (count 7); unlawfully making a destructive device in violation of Title 26, United States Code§ 5822, 5845(a)(8), 5845(f), 5845(i), 5861(f) and 5871 (count 8, 9, 10); possession of firearms in furtherance of drug trafficking crimes in violation of Title 18, United States Code §924(c)(1)(A)(i), 924(c)(1)(B)(ii), and § 2 (count 11); and possession of a stolen firearm .45 caliber serial number DA3660 in violation of Title 18, United States Code § 922(j), 924(a)(2) and § 2 (count 12) along with two forfeiture counts.

4.      At the initial appearance held on December 15, 2019, following proffers by both the government and defense counsel, Magistrate Roemer held the hearing open and set February 4, 2019 for continuation of the detention hearing. The Judge resent decision and ordered detention on February 5, 2019.

5.      This Affirmation is made in support of the defendant's motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure as set forth in the following schedule:

                                                                                PAGE

I.      MOTION TO SUPRESS EVIDENCE AND STATEMENTS.................3

II.     MOTION FOR DISCOVERY AND INSPECTION............................6

III.    MOTION FOR DISCLOSURE OF EVIDENCE PURSUANT TO
        FEDERAL RULES OF EVNIDENCE 404(b), 608 AND 609.................7

IV.     MOTION FOR DISCLOSURE OF *BRADY* MATERIAL......................8

V.      MOTION FOR EARLY DISCLOSURE OF *JENCKS* ACT
        MATERIAL.................................................................................10

VI.     MOTION FOR A CONSPIRACY HEARING...................................12

VII.    MOTION TO EXCLUDE STATEMENTS BY NON-TESTIFYING
        CO-CONSPIRATORS................................................................12

VIII.   MOTION FOR BILL OF PARTICUARS........................................13

IX.     MOTION FOR REVELATION OF IDENTITY OF INFORMANTS.......16

X.      MOTION FOR RELEASE OF GRAND JURY MINUTES..................22

XI.     MOTION FOR PRESERVATION OF ROUGH NOTES.....................23

XII.    LEAVE TO FILE ADDITIONAL MOTIONS................................24

XIII.   MOTION FOR FURTHER RELIEF...........................................24

## I. MOTION TO SUPPRESS EVIDENCE AND STATEMENTS

**A.      Suppression of the Evidence Seized During the Execution of the Search Warrant on December 14, 2018 and the Evidence Seized During the Arrest Effectuated on December 14, 2018 and the Stop of the Vehicle of Jeffrey Richards together with the Statement Made Post-Arrest to the FBI**

6.      Upon review of the voluntary discovery, Mr. Richards was arrested by the FBI on December 14, 2018 and later made statements in response to a custodial interrogation.

7.      Mr. Richards seeks to suppress all of the evidence obtained as the product of an illegal stop, search and seizure, or as the fruit of the poisonous tree resulting from the illegal stop, search and seizure of defendant's vehicle.

8.      Mr. Richards seeks to suppress all the evidence seized as a result of the execution of a search warrant at his premises on Packard Road on December 14, 2018.

9.      On December 14, 2018. Mr. Richards was stopped by an FBI special agent to conduct an arrest. At that time, Agent Weis conducted a traffic stop of the vehicle being driven by the Defendant, Jeffrey Richards to conduct an arrest. Upon making contact with the vehicle, Agent Weis asked Mr. Richards if there was anything in the vehicle, he should be aware of. Mr. Richards indicated in the negative and Special Agent then arrested Mr. Richards. Jeffrey Richards was removed from the vehicle. Upon information and believe, the Officer conducted pat frisks of the Defendant. No drugs,

weapons or other contraband were found on him.  The exit order was not permissible to facilitate the car search because there was no probable cause to search and no articulated facts showing there was probable cause to think there was criminal contraband in the car.

10.     Jeffrey Richards possessed a reasonable expectation of privacy in the vehicle and its contents and thus may challenge the stop and its subsequent search as well as his search and prolonged detention in order to question him prior to delivering him to the magistrate.

11.     Mr. Richards has standing to move to suppress any and all tangible evidence seized during the illegal seizure of him and the vehicle he was operating in Niagara Falls, and any and all items observed or words overheard in the course of the illegal search; and any all confessions or statements made in the course of the search or subsequent illegal detention as he had a reasonable expectation of privacy in all areas searched.  See, *Groh v. Ramirez*, 540 US 551, 559 (2004); *Payton v. New York*, 445 US 573, 586 (1980); *Alderman v. United States*, 394 US 165, 176-80 (1969).  If necessary, Defendant's Affidavit of Standing will be forthcoming.

12.     The United States Supreme Court has held that "when the Government *does* engage in physical intrusion of a constitutionally protected area in order to obtain information, that intrusion may constitute a violation of the Fourth Amendment.: *United States v. Jones\*, 565 US 400, 407 (2012) (finding a Fourth Amendment violation where government attached a GPS tracking device to the defendant's vehicle, thereby encroaching on a protected area).

13.     An automobile may be searched without a warrant if there is probable cause to search this vehicle.

14.     This was not a proper search incident to arrest.  The car was in an area adjacent to his arrest and it does not.  See, *Arizona v. Gant*, 556 US 332.  The custodial interrogation was unlawful as

the fruits of an illegal detention and because it was the duty of the FBI upon the arrest to deliver the prisoner a magistrate at his earliest ability. They did not deliver the prisoner to the US Courthouse but instead chose to delay and detain him in order to evoke a statement from him. Moreover, the statement was involuntary and the result of coercion on the part of the FBI. As such, this statement should be suppressed in its entirety as a result of the fruits of an illegal arrest and search and because he failed to voluntarily give his statement, and finally because of the coercion on the part of the FBI.

15.     Accordingly, we respectfully request that this Court order an evidentiary hearing to determine the admissibility of evidence obtained during the search of the vehicle and the statements obtained hereafter.

**B.    Suppression of Evidence Obtained as a Result of the Search of the Premises on December 14, 2018.**

16.     In examining the discovery, it was determined that a search warrant was granted by the Hon. Michael Roemer to search the premises where Jeffrey Richards resided.

17.     In examining the material, it appears that the warrant was obtained without sufficient reliability of the underlying informants.

18.     There is no reasonable basis to expect that Jeffrey Richards manufactured fentanyl.

19.     There is no reasonable basis to know that Jeffrey Richards enhanced fireworks.

20.     There is no reasonable basis to show that the fireworks that Jeffrey Richards enhanced were done to create destructive devices as defined by the United States Code.

21.     In looking at this search warrant, it was granted without probable cause.

22.     In addition, the search of the premises went beyond the scope of the search warrant signed by Judge Roemer.

23.     As a direct and proximate result of these violations, it is respectfully submitted that the search of the premises is illegal, and all of the fruits of that search should be suppressed.

## II. MOTION FOR DISCOVERY AND INSPECTION

24.     The defense has received voluntary discovery from the government and now notifies the government regarding additional specific requests, outlined below.  Pursuant to Federal Rules of Criminal Procedure 16(a)(1)(A), (B), (C), (D), (E), (F) and (G), Mr. Richards moves to compel discovery of any items or information to which he is entitled but was not previously provided. Specifically, this request includes, but is not limited to the following:

a. Copies of all of the video or audio recording and written transcripts, if any, of the alleged drug transactions involving Jeffrey Richards;

b. A copy of inspection of any electronically stored devices, books, papers, documents, data, photographs, video recordings, tangible objects, buildings or places, or copies or portions thereof, within the government's possession, custody or control, which is material to preparing the defense, or the government intends to use in its case-in-chief at trial, or the item was obtained from or belongs to the defendant;

c. A copy of any test results and/or laboratory reports relating to any DNA, fingerprint, and/or test conducted in the case, even if the report merely indicates negative results;

d. A copy of any and all results or reports of physical or mental examination and scientific tests, or experiments which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which is material to preparing the defense, the government intends to use the item at trial, or the item was obtained from or belongs to the defendant;

e. Disclosure of the names and identities of expert witnesses that the government intends to call at trial, their qualifications, subject of testimony, and reports and the results of tests, examinations or experiments which are material to the preparation of defendant's defense or which are intended for use by the government in its evidence-in-chief at trial. Specifically, this request includes, but is not limited to: (a) the names and curriculum vitae of any individual responsible for any and all fingerprint analysis and/or testing conducted in this case; and (b) the naems and curriculum vitae of the individuals responsible for analyzing the firearm in this case; and

6

f.  Pursuant to Rule 12(b)(4) of the Federal Rules of Criminal Procedure, the defendant requests written notification of any evidence the government intends to use at its case-in-chief that may, in any way, be subject to a motion to suppress in which the defendant is entitled to discover pursuant to Rule 16.  Although the government has provided extensive discovery, it is unclear exactly what evidence and statements it intends to use at trial.

### III. MOTION FOR DISCLOSURE OF EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b), 608, AND 609

25.    Pursuant to Federal Rules of Criminal Procedure 12(b)(4), (d)(1) and (2) and Federal Rules of Evidence 104(a) and 404(b), respectfully requests that the government notify her of any evidence that the government contends would be admissible under Rule 404(b) of the Federal Rules of Evidence.  In order to permit the defense the opportunity to file appropriate motions prior to trial, Mr. Richards requests that she be fully apprised of "evidence of other crimes, wrongs, or acts, or transactions involving the defendant which are outside the scope of the indictment, and which the government will seek to introduce to demonstrate "motive, or absence of mistake or accident." Fed.R.Evid. 404(b).  This circuit has recognized that uncharged acts that will be offered as evidence of a conspiracy should be treated as Rule 404(b) material. *United States v. Pipola*, 83 F.3d 556, 566 (2d Cir. 1996).

26. The defense should be put on notice of the exact nature of this evidence, the witnesses pertaining thereto, the documents in support thereof, and the theory upon which the government asserts that admissibility rests.  By so notifying the defense in advance of trial, Mr. Richards can file appropriate motion(s) *in limine* prior to trial and afford the Court the occasion to make pretrial determinations regarding the admissibility of any potential Rule 404(b) evidence proffered by the prosecution. The pretrial determination of this evidentiary question will serve the smooth operation of the trial, eliminate possible extraneous objections, and assist both the government and defense counsel in the presentation of evidence.

27.    Mr. Richards also requests, pursuant to Rules 608 and 609, pre-trial disclosure of any and all evidence the government intends to use to impeach his credibility if she should choose to testify.  In the event

7

the government intends to use such evidence, she requests a pretrial hearing to determine the admissibility of such evidence. Rule 608(b) allows use of specific instances of misconduct against a witness. In the event the government intends to use specific instances of misconduct against Mr. Richards if she testifies, it is requested that such instances be disclosed prior to trial. Due process also requires that such material be provided to the defense prior to trial to aid the defendant in deciding whether to proceed to trial or accept a plea. The Second Circuit has suggested that this information should be produced at this stage in the proceedings. See *United States v. Avellino*, 136 F.3d 249 (2d Cir. 1998).

28.    Rule 609 of the Federal Rules of Evidence allows for use of certain prior convictions to impeach the credibility of the defendant, should she testify at trial. The defense requests notice of any intent to use such information.

## IV. MOTION FOR DISCLOSURE OF *BRADY* MATERIAL

29.    Mr. Richards moves for an Order compelling the government to disclose all potentially favorable evidence, including, but not limited to: statements, grand jury testimony, witnesses, books, papers, reports, photographs, handwritten notes, synopses of statements made by witnesses, or any other tangible items of evidence in the custody and control of the government or any governmental agency or agents working with or under the supervision of the government. *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Agurs*, 427 U.S. 97 (1976); *United States v. Giglio*, 405 U.S. 150 (1972); *Napue v. Illinois*, 360 U.S. 264 (1959). The right to disclosure of all potentially favorable or exculpatory evidence exists whether such evidence is material either to the defendant's guilt or to the mitigation of his punishment, and regardless of whether such exculpatory evidence would be admissible on the defendant's behalf at trial. Evidence which may serve to impeach the testimony or credibility of a prosecution witness falls within the Brady doctrine, since it consists of information favorable to the accused. *Giglio*, 405 U.S. at 150.

8

30.     Due process requires that the defense be given Brady/Giglio material in advance of trial so that investigatory leads may be pursued in sufficient time to permit a full preparation of the defendant's case. *United States ex rel. Lucas v. Regan,* 503 F.2d 1, 3 n.1 (2d Cir. 1974), cert. denied, 420 U.S. 939 (1975); *United States v. Agajanian*, 852 F.2d 56 (2d Cir. 1988); *United States v. Bejasa*, 904 F.2d 137, 140-141 (2d Cir. 1990); *Arizona v. Youngblood*, 109 S.Ct. 333 (1988); *Grant v. Alldredge*, 498 F.2d 376 (2d Cir. 1974); *United States v. Cobb*, 271 F.Supp. 159, 163 (S.D.N.Y. 1967).

31.     In this case, it is impossible, and indeed not required under *United States v. Agurs*, 427 U.S. at 97, to make a specific request for all available Brady material. Nevertheless, the disclosure and production should include, but not be limited to, the following:

a.      Any written or recorded statements, admissions or confessions made by any witness, and the name and address of any such individual, which may be exculpatory, non-incriminatory, or otherwise favorable to the defendant, or any summaries, synopsis, notes, memoranda, or resumes thereof, regardless of whether such statements are reduced to writing and regardless of whether the prosecution intends to use such statements at the trial herein;

b.      The name and address of any other witness who might have favorable evidence as to the defendant, which are known, or which by the exercise of due diligence shall or should become known to the government;

c.      Any notes, memoranda, summaries, reports, or statements of any kind prepared in connection with the investigation of this case which are in any way favorable to the defense including notes prepared by the government or any of its agents in connection with either the review of documents or the interview or other conversations with witnesses or other individuals contacted in connection with this case;

d.      Any and all prior criminal records of any witnesses intended to be used in any fashion by the prosecution, or any other such information demonstrating the commission on their part, or participation therein, of any so-called "bad acts" or other instances of immoral or criminal conduct, or conduct indicating a lack of veracity;

e.      Any and all statements, memoranda or other similar notations or information which would in any way reflect inconsistent statements made by any witness contacted by the government, or any such individual engaged in lying or other conduct calculated to conceal the truth or improperly reflect facts;

f.      Any information tending to indicate that information supplied by a particular document or witness contradicts or is contradicted by a different document or witness; and

9

g.      Any and all surveillance reports of the defendant and any witness covering the period of time relevant to the offenses charged which qualify as Brady/Giglio material.

32.      These duties impose on the government an obligation to make such disclosures not only

to aid the accused in his preparation for trial, but also in his determination of whether or not to plead

guilty. As stated by the Second Circuit in *United States v. Avellino*, 136 F3d at 255:

> The government's obligation to make such disclosures is pertinent not only to an accused's preparation for trial, but also to his determination of whether or not to plead guilty. The defendant is entitled to make that decision with full awareness of favorable material evidence known to the government.

*Id. (citing Tate v. Wood*, 963 F2d 20 (2d Cir. 1992)). As such, this information should be disclosed

immediately as well as all favorable evidence discovered hereafter.

33.      Although "[t]here is no established procedure for the due process disclosure required by

Brady[,] [t]he information should be given to the defense as it becomes known to the government . . .

." *Kyles v. Whitley*, 514 U.S. 419, 440 (1995). Counsel specifically reserves the right to make additional

requests for the material covered above at the time the motion is argued, or at such other time as the

existence of such materials shall become known to counsel for the defendant, and it is respectfully

requested that the prosecution be admonished that its duty under Brady/Giglio is a continuing one.


## V. MOTION FOR EARLY DISCLOSURE OF *JENCKS* ACT MATERIAL

34.      Mr. Richards moves for disclosure of witnesses' statements pursuant to 18 U.S.C. §

3500 ("Jencks Act") and Rule 26.2 of the Federal Rules of Criminal Procedure; she is entitled to each

witness statement after the witness has completed his or her testimony on direct examination. The

Second Circuit has interpreted this statute to include a substantially verbatim statement of a witnesses'

words as recorded by a government agent if they could fairly be deemed to reflect fully and without

distortion what had been said to a government agent. *United States v. Scotti*, 47 F.3d 1237, 1249 (2d

Cir. 1995). The Supreme Court has made it clear that there is no difference between impeachment and exculpatory evidence under the Brady rule. *United States v. Bagley*, 473 U.S. 667 (1985). As such, any requests made herein which also fall under Brady and its progeny shall be a request for their immediate disclosure.

35.    Pursuant to Rule 26.2 of the Rules of Criminal Procedure, the *Jencks* Act is applicable to pre-trial suppression hearings, sentencing hearings, revocation or modification of supervised release and probation hearings, detention hearings and preliminary examinations.

36.    Mr. Richards moves for an order requiring production of *Jencks* Act materials, namely all statements and reports in the possession of the United States which were made by government witnesses or prospective government witnesses and which relate to the subject matter about which those witnesses may testify, as per the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure.

37.    The term "statement" shall include:

a.    Any written statement made by a witness and signed or otherwise adopted or approved by him/her;

b.    Stenographic, mechanical, electronic or other recording, or transcriptions thereof, which are a substantially verbatim recital of an oral statement made by a witness and recorded contemporaneously with the making of such oral statement;

c.    A statement, however taken or recorded, or a transcription thereof, if any, made by a witness to a grand jury;

d.    Records of statements made to a government agent which fairly and fully reflect the statements made without distortion, *United States v. Scotti*, 47 F3d 1237 (2d Cir. 1995);

e.    Any and all rough notes of witness interview(s) taken or obtained in any investigation of the defendant to include federal, state, local or other investigations whether or not the contents thereof have been incorporated in official records;

f.    Any notes and memoranda made by government counsel during the interview of any witness(es) intended to be called by the government in their direct case, *Goldberg v. United States*, 425 U.S. 94, 101-08 (1976); and

g.    All surveillance reports made or adopted by a witness, *United States v. Petito*, 671 F.2d 68, 71 (2d Cir. 1981).

38. In addition to avoiding unnecessary delays, sufficient pre-trial delivery of *Jencks* material also ensures that the defendant's fundamental right to a fair trial and due process of law are safeguarded. Therefore, the defendant seeks production of the statements prior to trial for the purposes of judicial economy, to expedite discovery and the trial of this case, and to avoid potential problems on the issue of whether all material has been tendered pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Although a District Court may not ordinarily compel disclosure of Jencks material prior to the conclusion of a witness' direct examination, early disclosure of Jencks material obviates trial interruptions and permits defense counsel to study the disclosures. See *United States v. Campagnuolo*, 592 F.2d 852, 858 n.3 (5th Cir. 1979). Courts have on a case-by-case basis, invoked their discretion to require production of Jencks Act statements in advance of the trial so that unnecessary delays will not take place during the course of the trial. See *United States v. Percevault*, 490 F.2d 126, 132 (2d Cir. 1974); *United States v. Feola*, 651 F. Supp. 1068, 1139-40 (S.D.N.Y. 1987).

## VI. MOTION FOR A CONSPIRACY HEARING

39.     Upon information and belief, the government may seek to introduce at trial statements of the alleged co-conspirator pursuant to F.R.E. 801(d)(2)(E). Pursuant to *Bourjaily v. United States*, 483 U.S. 171, defendant requests that the Court hold a pre-trial conspiracy hearing to assess the foundation for the introduction of any statements made by alleged co-conspirators which the government will seek to introduce against the defendant at trial.

## VII.   MOTION TO EXCLUDE STATEMENTS BY NON-TESTIFYING CO-CONSPIRATORS

40.     Pursuant to *Bruton v. United States*, 391 U.S. 123 (1968), and the Sixth Amendment to the United States Constitution, Mr. Richards respectfully requests that the Court bar the admission into

evidence of all post-arrest statements by non-testifying co- conspirators/co-defendants which may implicate him in any way.

41.     In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that a defendant's Sixth Amendment right of cross-examination was violated when a non-testifying co-defendant's confession, implicating the defendant, was introduced at their joint criminal trial. Bruton's protection of defendants' Sixth Amendment confrontation and cross-examination rights remains a linchpin of joint criminal trials.

42.     Although in *Richardson v. Marsh*, 481 U.S. 200 (1987), the Supreme Court approved the use of non-testifying co-defendant confessions where all reference to the defendant's existence are eliminated and a limiting instruction is used, the continued vitality of Bruton and broad protections of the Sixth Amendment were demonstrated by the Supreme Court's recent decision in *Gray v. Maryland*, 523 U.S. 185 (1998). There, the Court applied Bruton to a case where reference to the defendant's existence was eliminated in the confession, but deletions in the confession were marked with a blank or "deleted." The Court found that the defendant's Sixth Amendment rights were violated. *Cf. Lilley v. Virginia*, 527 U.S. 116 (1999) (admission of a non-testifying accomplice's confession violated Confrontation Clause).

## VIII.   MOTION FOR BILL OF PARTICULARS

43.     Mr. Richards requests an Order, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, requiring the government to provide a written bill of particulars as requested below.

30.     As the Court knows, Rule 7(f) of Federal Rules of Criminal Procedure permits the Court to direct the filing of a bill of particulars. As recognized by the Second Circuit, the bill of particulars has three functions: (1) to inform the defendant of the nature of the charge against him with sufficient

precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time

of trial; and (3) to enable him to plead his acquittal or conviction in bar of another prosecution for the

same offense when the indictment itself is too vague, and indefinite for such purposes. *United States v.*

*GAF Corp.*, 928 F.2d 1253 (2d Cir. 1991); *United States v. Davidoff*, 845 F.2d 1151 (2d Cir. 1988);

*United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987). The particulars requested are also necessary

because the charges in the indictment are so general that they do not advise the defendant of the specific

acts of which she is accused. *United States v. Torres*, 901 F.2d 205 (2d Cir. 1990).

44.     Without such specification as to the nature of his allegedly improper conduct, Mr.

Richards without ability to prepare for trial and the danger of surprise at trial is greatly increased. See,

also *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987) (prosecutor was required to advise the

defendant, through a bill of particulars, which specific documents they intend to rely upon in a mail

fraud prosecution).

45.     As recognized the Court in *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989):

> Prior to 1966, Rule 7(f) limited bills of particulars to those situations in which
> the moving party demonstrated the cause for his request. By amending the rule in 1966
> to eliminate the cause requirement, the drafts expressly sought "to encourage a more
> liberal attitude by the courts towards a bill of particulars without taking away the
> discretion which courts must have in dealing with such motions in individual cases."
> Fed. R. Crim. P. 7 Advisory Committee's note to 1966 amendment. Consistent with this
> shift, the case law now recognizes that motions for bills of particulars should be granted
> whenever an indictment's failure to provide factual or legal information significantly
> impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial
> surprise at trial.

46.     In accordance with these principals, we request that the specified particulars be supplied

as without such information, counsel's ability to prepare a defense is significantly impaired, and it is

likely that prejudicial surprise at trial will occur.

47.     For the reasons set forth above, and for the additional reasons set forth below, the

defendant requests the following particulars as to Count 1:

14

     a.     A list of all unindicted co-conspirators, regardless of whether the government intends to call any co-conspirator as a witness at trial.

See *United States v. DeGrotte,* 122 F.R.D. 131, 137-39 (W.D.N.Y. 1988) (collecting cases); *United States v. Feola*, 651 F. Supp. 1068, 1133-34 (S.D.N.Y. 1987), aff'd., 875 F.2d 857 (2d Cir. 1989) (mem.);

     b.     Whether or not any individual present during the commission of any alleged overt acts was acting for the government, and the names, or names then used or similar identification, or any such person;

     c.     The names, to the extent known, of any persons present when the overt and substantive acts allegedly took place; and

     d.     The name of each individual with whom Mr. Richards had an agreement with respect to the conspiratorial goal.

48.     Whether to grant a bill of particulars rests within the sound discretion of the district court, *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984). A bill of particulars is particularly important in complex cases, such as conspiracy cases covering an extended period of time. See, e.g., *United States v. Davidoff*, 845 F.2d 1151 (2d Cir. 1988). The fact that evidentiary details or the government's theory of the case may be revealed is insufficient reason to deny a reasonable request for a bill of particulars. *United States v. Greater Syracuse Board of Realtors,* 438 F. Supp. 376 (N.D.N.Y. 1977). *United States v. Calvi*, 830 F. Supp. 221 (S.D.N.Y. 1993) is instructive regarding both the necessity and the importance of a bill of particulars:

> An order directing filing of a bill of particulars in regard to this rather detailed indictment would be inappropriate in view of the United States Attorney having responded to all other discovery requests of the defense, and no claim of inadequacy of that response having been made.

The prosecution is in the best position to know in advance of trial whether any of its evidence is likely to produce surprise making it difficult for the defense to cross-examine the applicable witnesses or otherwise defend the case with full vigor. If such a risk exists, it will be in the interest of the United States to furnish further information in advance of trial to avoid the need for a continuance during the trial to alleviate any adverse consequences which may flow from such a surprise.

Rule 7(f) of the Federal Rules of Criminal Procedure does not require the United States to furnish a three-dimensional colored motion picture of the prosecution's proof prior to trial. In the event that unfair surprise can be shown, an appropriate continuance may be considered.

*Id.* at 223. *Calvi* directly correlates the need for a bill of particulars with the amount of detail in the indictment. Although the reported decision in *Calvi* does not set forth the indictment in total, the indictment there was obviously much more detailed that the indictment here, which does little more than track the statutory language over a period of years. Here, the Indictment is fairly characterized as "bare bones" and in order to adequately prepare a defense to these charges and for trial, the Court should order the government to file a bill of particulars providing the information requested above.

## IX.    MOTION FOR REVELATION OF IDENTITY OF INFORMANTS

49.    Defendant, Jeffrey Richards, hereby moves this Court, pursuant to the provisions of Rule 16 of the Federal Rules of Criminal Procedure and the Fifth Amendment to the United States Constitution, for an Order requiring the government to disclose the following information:

a.    the identity of the informant;

b.    the location of the informant;

c.    the criminal record, if any, of the informant;

d.    any prior testimony of the informant;

e.    any and all promises or considerations made to or given to the informant;

f.    any compensation of any kind given to the informant, including plea agreements;

g.    gang affiliations, if any; and,

h.    any and all evidence bearing on bias or credibility, including, but not limited to, psychiatric illness or treatment and illegal drug use or abuse.

50.    This motion is made on the grounds that the informants are perceived witnesses to the allegations contained in the instant indictment and may also possess exculpatory and exonerating information. With respect to item (C), Mr. Richards requests these reports on the ground that, to the extent she has been unable to review reports containing factual information relayed by that informant, she has been unable to lay proper factual foundation for the disclosure of the informant. At a minimum, defendant seeks to have all reports described above submitted in camera to the Court for review and subsequent disclosure to counsel. In the event that the Court does not compel disclosure of this information and identities of the informants, defendant respectfully requests that all government reports be sealed and made part of the record in the instant case.

## A.    The Government is Obligated to Disclose the Identity and Whereabouts of Informants and to Make them Available to the Defense

51.    In *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623 (1957), the United States Supreme Court held that whenever an informant's testimony may be relevant and helpful to the accused's defense, his or her identity must be revealed. The *Roviaro* Court set forth the following general standard for disclosure:

> Where the disclosure of an informant's identity or the contents of his communications is relevant and helpful to the defense of an accused or is essential to the fair determination of a cause, the privilege must be waived. In these situations, the trial court may require disclosure and, if the government withholds the information, dismiss the action. *Roviaro v. United States, supra,* 353 U.S. at 60-61.

52.    The Court made clear that, while there is no fixed rule with respect to disclosure, four considerations are relevant: (1) the crime charged; (2) the possible defenses; (3) the possible significance of the informant's testimony; and (4) other relevant factors.

17

53.     The "relevant and helpful" language of *Roviaro* has been interpreted by the Second

Circuit "to require disclosure when it is material to the defense." *DiBlasio v. Keane*, 932 F.2d 1038,

1041-1042 (2d Cir. 1991). The *DiBlasio* Court recognized that:

> The judge must consider a number of factors in determining whether the informant's
> testimony is material; "the crime charged, the possible defenses, the possible
> significance of the informant's testimony and other relevant factors."

Citing, *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988), cert. denied, 489 U.S. 1089, 109 S.Ct.

1555 (1989), quoting *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623(1957).

54.     Similarly, the Ninth Circuit requires disclosure of the identity of an informant when he

or she is a percipient witness. Thus, in *United States v. Cervantes*, the Court recognized that a

"percipient witness" must be disclosed:

> The government acknowledges that the informant Duque was a percipient witness to the
> transaction. It therefore supplied Cervantes with the informant's identity. See *Roviaro v. United
> States*.

*United States v. Cervantes*, 542 F2d 773, 775 (9th Cir. 1976) *(en banc)*

55.     The same result was reached in *United States v. Hernandez*:

> In light of [the informant'[s] role in the narcotics transaction with which appellants
> were charged, it cannot be said that disclosure of Smith's identity would not have
> been "relevant or helpful" to the appellant's defense . . . Because [the informant]
> was a participant in the events that were critical to the prosecution's case, no claim
> could be raised under *Roviaro*, nor was it raised, that [the informant's] identity could
> be lawfully withheld from the appellants. [Citations omitted].

*United States v. Hernandez*, 608 F2d 741, 744-745 (9th Cir. 1979); *see also, United States v. Miramon*,
443 F2d 61, 362 (9th Cir. 1971)

56.     The law is also clear that where an informant's testimony is essential to a fair

determination, the government may be required to disclose his identity and address, if any. *United*

*States v. Roberts,* 388 F.2d 646 (2d Cir. 1968). See also, *United States v. Anderson*, 509 F.2d 724 (9th

Cir. 1975) (within the court's discretion to compel disclosure even when use of the informant goes only

to probable cause). Further, the need for disclosure and production of the informant is mandated when the indictment contains a conspiracy charge and the informant could have information regarding either knowing membership in the conspiracy or possible entrapment. *United States v. Mormon*, supra; *Lopez-Hernandez v. United States*, 394 F.2d 820 (9th Cir. 1968); *Alexander v. United States*, 362 F.2d 379 (9th Cir. 1966).

57.     Obviously, it is not defendant's burden to prove what the informant would actually say if disclosed since the informant's unavailability makes that burden impossible to discharge in all cases. See, e.g., *United States v. Mormon, supra*, where disclosure should have been made because the informant "might have corroborated the (defendant's story)." Id. At 362.  As stated by the Court in *United States v. Day, supra*:

> "No matter how inert his role of participation he might still possess information relevant to a fair determination of the issues."

58.     As to all informants, the defense is entitled to a revelation of their whereabouts and addresses prior to trial so that sufficient investigation into their background can be made. As stated by the Court in United States v. Hernandez, supra:

> We recognize that the address of a principal witness, as [the informant] most assuredly was, is an integral element of identity for without such information, little meaningful inquiry can be made into the background information affecting credibility. *United States v. Hernandez*, 608 F.2d 741, at 745 (9th Cir. 1979).

59.     In this case, therefore, the location and present whereabouts of any and all informant[s] must be immediately disclosed so that an investigation may be made into the credibility and background of the informant[s] prior to trial. Further, any purported government assertion that there is some unspecified danger to informant[s] is insufficient to justify withholding the information concerning his or her whereabouts. As Hernandez makes clear, the decision concerning potential "danger" must be made only after an evidentiary hearing. *Hernandez, supra,* 608 F.2d 745, fn. 3.

19

60.     Finally, the government's obligation is not fully satisfied by merely disclosing the identity and location of the informant[s]. The defense here specifically requests that the informant[s] be produced. The Ninth Circuit has held that government has an obligation to "accomplish this or show that, despite reasonable efforts, it was not able to do so." *United States v. Hart*, 546 F.2d 798, 799 (9th Cir. 1976) (en banc). See also *United States v. Cervantes, supra; Velarde-Villa Road v. United States*, 354 F.2d 9 (9th Cir. 1965).

61.     For the reasons cited above, it is apparent that each of the informant[s] in this case is a material witness. The government should be ordered to disclose the identity of that witness and his or her whereabouts, and to make those witnesses available to the defense.  Failure to do so would require dismissal of the case.

**B.     Upon a Proper Showing, the Defendant is Entitled to Pre-Trial Access to Prosecution Witnesses**

62.     Mr. Richards recognizes that the general rule is that in a non-capital case, the accused has no constitutional right to require production of the names and addresses of prospective witnesses. See, e.g., *United States v. Cole*, 449 F.2d 194, 198 (8th Cir. 1971), cert. denied, 405 U.S. 931, 92 S.Ct. 991 (1972). However, it should be noted that this rule is suffering from increasing erosion. For example, in *United States v. Baum*, 482 F.2d 1325 (2d Cir. 1973), the Second Circuit held that it was reversible error to deny pretrial disclosure of the identity of a witness to the defendant's similar criminal conduct. See also, *United States v. Allstate Mortgage Corp.*, 507 F.2d 492 (7th Cir. 1974) (rule of Baum adopted and approved).  Moreover, an order requiring pretrial disclosure of government witnesses is a proper exercise of judicial authority. See, *United States v. Richter*, 488 F.2d 170, 173-174 (9th Cir. 1973) (affirming the authority of the trial court to order pre-trial discovery of prospective government witnesses); *United States v. Jackson,* 508 F.2d 1001, 1006-1007 (7th Cir. 1975) (a trial court can enter

an order *sua sponte* and without a showing of materiality requiring pre-trial disclosure of prospective

government witnesses.

63.    The United States Supreme Court first addressed the disclosure of government witnesses

in *Alford v. United States*:

> Cross-examination of a witness is a matter of right. Its permissible purposes, among
> others, are that the witnesses may be identified with his community so that independent
> testimony may be sought and offered of his reputation for veracity in his own
> neighborhood; that the jury may interpret his testimony in the light reflected upon it by
> knowledge of his environment; and that facts may be brought tending to discredit the
> witness by showing that his testimony in chief as untrue or biased . . . Prejudice ensures
> from a denial of the opportunity to place the witness in his proper setting and put the
> weight of his testimony and his credibility to a test, without which the jury cannot fairly
> appraise them. [Citations omitted].

*Alford v. United States*, 282 US 687, 688, 51 S. Ct. 218, 219 (1931)

64.    Subsequently, in *Smith v. Illinois*, 390 U.S. 129, 88 S.Ct. 748 (1967), the Supreme Court

reconsidered the rule of Alford v. United States and held that the failure to disclose the address of a

primary prosecution witness was a denial of the defendant's Sixth Amendment right to confront and

cross-examine witnesses.  The Court stated:  The witness' name and address open countless avenues

of in-court examination and out-of-court investigation.  To forbid this most rudimentary inquiry at the

threshold is effectively to emasculate the right of cross-examination itself. *Id.*at 750.

52.    Therefore, it is the defendant's position that an accused has the right to know the identity

and location of prospective government witnesses so that she may interview them prior to trial in order

to put such witnesses in proper setting for purposes of credibility and cross- examination.

65.    Based, then on the reasons cited above, it is respectfully requested that the identity and

location of the prospective government witnesses be disclosed and that they be produced by the

government prior to trial.

66.    In addition, the defense demands the following information about all informants:

a.   All evidence affecting the issues of bias or credibility;

b.   Their criminal records, *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980);

c.   All promises, or consideration of any kind given to the informants, *Giglio v. United States*, 405 U.S. 150 (1972);

d.   Identification of the informants' prior testimony, *Johnson v. Brewer*, 521 F.2d 556 (8th Cir. 1975);

e.   Evidence of psychiatric treatment of each informant or cooperating witness or person, *United States v. Lindsrom*, 698 F.2d 1154 (11th Cir. 1983);

f.   Evidence of the informants' narcotic habits, *United States v. Fowler*, 465 F.2d 664 (D.C. Cir. 1972);

g.   Whether the informants are being compensated, including favorable plea agreements, in return for their cooperation with the government. *United States v. Morell*, 524 F.2d 550 (2d Cir. 1975); and,

h.   A review of the informant file kept by the authorities for each informant.

67.   For these reasons, the identities and information requested above should be disclosed by the government to Mr. Richards.

## X. MOTION FOR RELEASE OF GRAND JURY MINUTES

68.   Pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure, for an order permitting inspection by defendant of the grand jury minutes for the sessions during which the grand jury considered matters leading to the filing of the indictment herein.

69.   To the extent that counsel has been able to review any discovery, we believe that the charges contained in those counts especially Counts 1 and 2 as they apply to Mr. Richards are flawed and facially insufficient. As set forth in detail above, in sum and substance, counsel feels secure in stating that there is no evidence before the grand jury to believe that a crime was committed as set forth in the indictment and that the grand jury was misled to believe that conduct by Mr. Richards amounted to a crime.

70.   Disclosure to the defendant of all legal instructions received by the grand jury from the court, from government attorneys, or from any other person is appropriate in this case.   In the alternative, the defendant respectfully requests that this Court to review in camera the transcripts of the grand juries that brought the indictment in this case.

71.     A review of the transcripts are likely to reveal support for dismissal of the indictment. Alternatively, John Washington asks this Court to determine whether the grand jury was properly instructed on the law applicable to this case.

72.     As set forth above, grounds may exist for a motion to dismiss the indictment. There appears to be significant irregularities in the submission of this case before the grand jury. The full impact of such conduct upon the grand jury cannot be assessed without examination of the legal instructions given to them in the course of their investigation.

73.     Assessment of this impact is essential in order to ascertain whether there has been such an impartial finding of probable cause, as required by the Fourth and Fifth Amendments, as to allow the defendant to be subjected to the hardship of a criminal trial.

74.     Based upon the foregoing, it is respectfully requested that this Court issue an order permitting inspection by Mr. Richards of the grand jury minutes for the sessions during which the grand jury considered matters leading to the filing of the indictment herein.; or in the alternative, that this Court to review in camera the transcripts of the grand juries that brought the indictment in this case.

## XI. MOTION FOR PRESERVATION OF ROUGH NOTES

75.     Mr. Richards moves for an Order of this Court requiring all federal, state or local agents and officers who participated in the investigation to retain and preserve all rough notes taken as part of their investigation, whether or not the contents of the notes are incorporated in official records. This motion is made so that the trial court can determine whether disclosure of the notes is required under Brady, Agurs, Giglio, the Jencks Act (18 U.S.C. § 3500), Rule 26.2 of the Federal Rules of Criminal Procedure, and/or the Fifth and Sixth Amendments of the United States Constitution.

76.     The defense also requests that this Court direct the government to preserve notes made by government witnesses, including state and local authorities, in the event they later became

23

discoverable as either the defendant's statement, or that of another witness. *United States v. Scotti,* 47 F.3d 1237 (2d Cir. 1995). Simply labeling notes as "rough notes" does not minimize the government's duty to produce them. For example, in *Williams v. United States*, 338 F.2d 286 (D.C. Cir. 1964), the court stated that notes containing abbreviations, idiomatic language or phrases set off in quotations may be deemed to be a substantially verbatim recital of the witness' statement.

77.     This motion puts the government and its agents on notice that, from this point on, any and all rough notes referred to above should be preserved.  Any destruction of notes after this request for preservation cannot be claimed to have been made in good faith. See *United States v. Koskerides*, 877 F.2d 1129 (2d Cir. 1989); *United States v. Elusma*, 849 F.2d 76 (2d Cir. 1988); *United States v. Sanchez*, 635 F.2d 47 (2d Cir. 1980); *United States v. Bufalino*, 576 F.2d 446 (2d Cir. 1978).

## XII. LEAVE TO FILE ADDITIONAL MOTIONS

78.     Mr. Richards respectfully reserves the right to make further and motions which may be necessitated by the Court's ruling on the relief sought herein. The specific requests contained in these motions are not meant to limit or preclude future requests by the defendant for further relief from this Court as appropriate.

## X. MOTION FOR FURTHER RELIEF

79.     Mr. Richards respectfully requests that this Court grant such other and further relief as is just and proper.

WHEREFORE, the Court should suppress Mr. Richards the physical evidence seized in violation of his Fourth Amendment rights, suppress the involuntary statements as fruit of the poisonous tree and should grant the additional relief requested herein.

DATED:     Buffalo, New York
           October 23, 2019                    Respectfully submitted,

                                               /s/ *Michael J. Stachowski, Esq.*

Michael J. Stachowski
Attorney for the Defendant
2025 Clinton Street
Buffalo, NY 14202
(716) 824-5353
stachlaw@aol.com ; t.lasker@aol.com

TO:   Brendan T. Cullinane
Assistant United States Attorney