IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

        v.                              19-CR-106-V

JEFFREY RICHARDS,

               Defendant.
_____

## GOVERNMENT'S RESPONSE
## TO THE DEFENDANT'S OMNIBUS MOTION

The defendant, JEFFREY RICHARDS, through his attorney, Michael J. Stachowski, Esq., filed pretrial motions seeking various forms of relief.  See Doc. No. 35.  THE UNITED STATES OF AMERICA, by and through its attorneys, James P. Kennedy, Jr., United States Attorney, and Brendan T. Cullinane, Assistant United States Attorney, of counsel, hereby responds to defendant's pretrial motions filed herein.

## PROCEDURAL HISTORY

In 2018, law enforcement received information regarding the defendant's bomb making activities, drug distribution, and firearm possession.  In particular, law enforcement learned that the defendant made and possessed explosives; the information gathered by law enforcement indicated that the defendant possessed an explosive formed in the shape of a ball, which was wrapped in tape, contained dangerous objects inside the ball, and had a green fuse affixed to it.  Law enforcement also learned that the defendant possessed firearms.  Moreover, law enforcement received information that the defendant possessed heroin, fentanyl, and

other illegal narcotics inside his residence, which was located at 4 Packard Court, Apartment D, Niagara Falls, New York.

On December 14, 2018, law enforcement submitted a search warrant application for United States Magistrate Judge Michael J. Roemer's review.  On that same date, Judge Roemer signed the search warrant to search the defendant's residence.  Later that same date, law enforcement executed the search warrant at the defendant's residence.

Following the lawful entry into the defendant's residence, law enforcement stopped the defendant in his vehicle, which he drove, and detained him.  At that time, law enforcement recovered a .45 caliber pistol located under the defendant's driver seat.  Subsequently, law enforcement arrested him and provided him with his <u>Miranda</u> rights.  The defendant thereafter waived his <u>Miranda</u> rights and made statements regarding his criminal conduct.

During the search of the defendant's residence on December 14, 2018, law enforcement recovered the following items from the defendant's residence:

a.  Over 100 grams of a mixture and substance containing acetyl fentanyl, a Schedule I controlled substance, and an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl);

b.  Over 40 grams of a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl);

c.  Cocaine, a Schedule II controlled substance;

d.  Marijuana, a Schedule I controlled substance;

e.  Alprazolam, a Schedule IV controlled substance;

      f.       Various drug packaging and processing materials, including scales, baggies, and razor blades;

      g.       Various drug paraphernalia;

      h.       Five bolt-action rifles;

      i.       Two shotguns;

      j.       One Taser;

      k.       A large amount of various ammunition;

      l.       Several commercial fireworks; and,

      m.       One suspected improvised explosive device.

On December 15, 2018, Judge Roemer signed a criminal complaint charging the defendant with violations of Title 18, United States Code, Sections 924(c)(1), Title 21, United States Code, Section 841(a)(1) and 856, and Title 26, United States Code, Sections 5822, 5845(a)(8), 5845(f), 5845(i), 5861(f), and 5871. See Doc. No. 1.

On May 17, 2019, a federal Grand Jury in the Western District of New York returned a twelve-count indictment charging the defendant with violations of Title 18, United States Code, Sections 922(j), 924(c)(1), and 2, Title 21, United States Code, Sections 841, 846, 856(a)(1), and 858, and Title 26, United States Code, Sections 5861(c), 5861(d), and 5861(f). See Doc. No. 15.

On October 23, 2019, the defendant filed various motions in compliance with the revised Scheduling Order. See Doc. No. 35.

## ARGUMENT

I. **The Defendant's Motion to Suppress Evidence and Statements Should be Denied.**

    A. **Because the Defendant failed to include an affidavit, the motion should be denied.**

Although the defendant has filed a motion to suppress evidence and statements, the defendant failed to file an affidavit with his pretrial motions. <u>See</u> Doc. No. 35 at ¶¶ 6-23. As such, the defendant's motion to suppress physical evidence and statements should be denied. <u>Id.</u>

A defendant is entitled to a hearing on a motion to suppress if the defendant's papers raise a "sufficiently definite, specific, detailed, and nonconjectural" factual basis for the motion. <u>United States v. Pena</u>, 961 F.2d 333, 339 (2d Cir.1992); <u>see also</u>, <u>United States v. Mathurin</u>, 148 F.3d 68 (2d Cir. 1998) (evidentiary hearing required where defendant averred that he was never given <u>Miranda</u> warnings); <u>United States v. Richardson</u>, 837 F.Supp. 570 (S.D.N.Y.1993) (evidentiary hearing not required where defendant failed to make specific factual allegations of illegality based upon personal knowledge but defense counsel merely alleged that defendant did not knowingly waive his rights before answering questions); <u>United States v. Ahmad</u>, 992 F.Supp. 682, 685 (S.D.N.Y.1998) (affidavit of defense counsel seeking suppression of custodial statements for failure to provide <u>Miranda</u> warnings insufficient to warrant evidentiary hearing or suppression); <u>United States v. Caruso</u>, 684 F.Supp. 84, 87 (S.D.N.Y.1988) ("without a supporting affidavit of someone with personal knowledge of the underlying facts, the court need not resolve factual disputes that may be presented by the moving papers."). Indeed, the Court has discretion to deny a hearing where, as here, the defendant's papers fail to create a dispute over a material fact, <u>see United States v. Caming</u>,

4

968 F.2d 232, 236 (2d Cir. 1992); where, as here, the defendant fails to support the factual allegations of the motion with an affidavit from a witness with personal knowledge, see United States v. Gillette, 383 F.2d 843, 848 (2d Cir. 1967), or where the issue involved is purely one of law, see United States v. Warren, 453 F.2d 738, 742-43 (2d Cir. 1973).

In this case, in the absence of a detailed, factual affidavit of a person with personal knowledge, the bare, conclusory allegations in defendant's counsel's motion to suppress the evidence in this case are wholly insufficient to create a need for an evidentiary hearing and the subsequent suppression of evidence.  See United States v. Medina, 2014 WL 9932425, *1 (W.D.N.Y. 2014) (J. Arcara).  Since the defendant has failed to "create a dispute over any material fact," there is no requirement that the Court hold a hearing on his motion to suppress. Id. at *2.

Thus, the defendant's motion should be denied.

**B.** **Alternatively, notwithstanding the defendant's failure to file an affidavit, the facts in this case demonstrate that the defendant's motion should be denied.**

Notwithstanding the government's argument that the defendant's motion be denied for failure to file an affidavit, the defendant has failed to show that the search of his residence was unlawful or the stop of his vehicle (and subsequent recovery of the firearm) was illegal. As such, the defendant's motion should be denied.

1.      **Law enforcement permissibly stopped the defendant's vehicle and lawfully recovered the firearm in the defendant's possession.**

A police officer may briefly detain a person to ask questions if the officer has reasonable suspicion that "criminal activity is afoot." Terry v. Ohio, 392 U.S. 1, 30 (1968). "The suspicion that criminal activity is afoot must be both reasonable and articulable." United States v. Muhammed, 463 F.3d 115, 121 (2d Cir. 2006). Further, the officer's actions must be "reasonably related in scope to the circumstances which justified the interference in the first place." Terry, 392 U.S. at 20. In determining whether or not an investigating officer possesses reasonable suspicion to detain a person, a reviewing court must evaluate the "totality of the circumstances" surrounding the stop. United States v. Sokolow, 490 U.S. 1, 8 (1989). This doctrine generally applies to a person when they are stopped inside of a vehicle. Delaware v. Prouse, 440 U.S. 648, 659 (1979).


In this case, on December 14, 2019, law enforcement stopped the vehicle based on information that the defendant possessed explosives, a firearm, and/or controlled substances. Following the stop of the vehicle, in which the defendant was the driver, law enforcement removed the defendant from the vehicle. As such, law enforcement properly and appropriately stopped the vehicle and detained the defendant.


a.      **Search Incident to Arrest**

If the police have probable cause to believe that a vehicle contains evidence of a crime, the vehicle may be searched without a search warrant. See Carroll v. United States, 267 U.S. 132 (1925); see also Colorado v. Bannister, 449 U.S. 1, 3, (1980); United States v. Gaskin, 364 F.3d 438, 456 (2d Cir. 2004). This is based upon the fact that vehicles are inherently

mobile, a fact which often makes obtaining a search warrant impractical.  Such a search is permissible if either the arrestee is unsecured and within reaching distance of the passenger compartment of the vehicle at the time of the search or if the officer has reason to believe that the vehicle contains evidence of the offense of arrest.  Arizona v. Gant, 556 U.S. 332 (2009).

In this case, the officers were justified in searching the defendant's vehicle and the defendant, himself, incident to arrest.  The officers had reason to believe that the vehicle contained evidence of the offense of arrest at the time law enforcement removed the defendant from the vehicle. Law enforcement approached the vehicle after receiving information regarding the defendant's unlawful possession of explosives, firearms, and controlled substances.  A search of the vehicle incident to arrest of the defendant would have been permitted at the time, even if law enforcement secured the defendant in the police vehicle at the time of the search.  As a result of this, the Court should deny the defendant's motion to suppress the evidence recovered during the search of the vehicle.

### b.   <u>Inventory Search</u>

Alternatively, the search of the vehicle can be justified as an inventory search. An inventory search allows the police to search and inventory property that has been impounded so as to ensure that it poses no risk to others, to secure any valuables for safe keeping and protect the police against false claims of damage or loss concerning property. See Colorado v. Bertine, 479 U.S. 367, 372 (1987).  When vehicles are impounded, police officers generally follow a routine practice of securing and inventorying the automobiles' contents. These procedures have developed to meet three distinct needs: first, to protect the owner's property

while it remains in police custody, United States v. Mitchell, 458 F.2d 960, 961 (9th Cir 1972); second, to protect the police against claims or disputes over lost or stolen property, United States v. Kelehar, 470 F.2d 176, 178 (5th Cir. 1972); and finally, to protect the police from potential danger, Cooper v. California, 386 U.S. 58, 61-62 (1967).  Law enforcement must follow "established inventory procedures."  Illinois v. Lafayette, 462 U.S. 640, 648 (1983).

### c.    Inevitable Discovery

Law enforcement would have inevitably recovered the firearm in the vehicle if it was not lawfully seized prior to the search of the vehicle.  Inevitable discovery permits admission of unlawfully seized evidence when the government can show that the evidence would have been lawfully discovered.  See Nix v. Williams, 467 U.S. 431, 444 (1984).  In order to support a claim of inevitable discovery, the government must show, by a preponderance of the evidence, that the evidence in question would have been inevitably discovered.  See United States v. Cabassa, 62 F.3d 470, 474 (2d Cir. 1995).  A court must "view[] affairs as they existed at the instant before the unlawful search, what would have happened had the unlawful search never occurred" in considering inevitable discovery.  United States v. Eng, 971 F.2d 854, 861 (2d Cir. 1992).

In order to advance a claim of inevitable discovery due to an inventory search, the defendant must have been lawfully taken into custody and detained.  See United States v. Griffiths, 47 F.3d 74, 78 (2d Cir. 1995); see also U.S. v. Jenkins, 876 F.2d 1085, 1089 (2d Cir. 1989).  Once established, the question then becomes whether or not the contested evidence

would have been discovered pursuant to a valid inventory search of the defendant's possessions.  Id.

The Court should deny the defendant's request on this ground as well because the evidence would have been located during the subsequent inventory search of the vehicle. Further, it is reasonable that the officers would have sought a search warrant in the alternative.

**2.**     **Law enforcement permissibly searched the defendant's residence pursuant to a search warrant issued by United States Magistrate Judge Michael J. Roemer.**

The defendant's motion to suppress evidence recovered on December 14, 2018, from 4 Packard Court, Apartment D, Niagara Falls, New York, should be denied.  See Doc. No. 35.

The defendant seeks to suppress all evidence that was obtained pursuant to the search of the defendant's apartment on the following grounds: (1) that the search warrant was obtained without sufficient reliability if the underlying informants; (2) that there was no reasonable basis to believe that the defendant manufactured fentanyl; (3) that there was no reasonable basis to believe that the defendant enhanced fireworks; (4) that there was no was reasonable basis to believe that the fireworks that the defendant used were done to create destructive devices; (5) that the application did not contain probable cause; and, (6), that law enforcement exceeded the scope of the search warrant.  See Docket No. 35 at ¶¶ 16-22.

However, a review of the search warrant demonstrates that the affiant provided: sufficient information regarding the reliability of any cooperating persons; relevant information regarding the defendant's possession of controlled substances; a reasonable basis to believe that the defendant used fireworks – and other materials – to manufacture fireworks; a reasonable basis to believe that the defendant used fireworks to create explosive devices; and, probable cause for the Court's review.  Finally, there is no information provided by the defendant in an attempt to demonstrate that law enforcement impermissibly exceeded the scope of the search warrant.

Furthermore, the officers acted in good faith in applying for and relying on the search warrant when conducting the search.  Finally, given the actions of law enforcement, which included (i) surveillance of the residence, (ii) preparing a search warrant application, and (iii) executing a search warrant, application of the exclusionary rule would have no deterrent effect and thus should not be applied here.  See United States v. Julius, 610 F.3d 60 (2d Cir. 2010).

### 3.   The defendant voluntarily made statements after waiving his Miranda rights.

In Moran v. Burbine, 475 U.S. 412 (1986), the Supreme Court found that a defendant's waiver of right to counsel was valid.   Id. at 424.   The Court explained that "because respondent's voluntary decision to speak was made with full awareness and comprehension of all the information Miranda requires the police to convey, the waivers were valid." Id.

In the present case, on December 14, 2018, shortly after law enforcement arrested the defendant, law enforcement conveyed all of the information required by Miranda v. Arizona

to the defendant.  See 384 U.S. 436 (1966).  The defendant initialed each of these rights and signed the waiver of his <u>Miranda</u> rights.  Thus, the defendant's waiver of his rights and subsequent statements are valid and were not taken in violation of the defendant's rights.

**II.    <u>The Defendant's Motion for Discovery and Inspection Should be Denied.</u>**

The defendant moves this Court for an order directing the government to provide discovery of certain items.  See Doc. No. 35 at ¶ 24.  As addressed below, the defendant's motion should be denied.

In Federal Court, "pre-trial discovery in criminal cases is strictly circumscribed." <u>United States v. Nelson</u>, 606 F. Supp. 1378, 1389 (S.D.N.Y. 1985).  The limits of such discovery are delineated in Federal Rule of Criminal Procedure 16, "which by its terms governs discovery in criminal cases."  <u>United States v. Armstrong</u>, 517 U.S. 456, 461 (1996).

Rule 16(a)(1) provides, in relevant part, that the government must disclose:

A.    Defendant's Oral Statement . . . if the government intends to use the statement at trial.
B.    Defendant's Written or Recorded Statement . . . .
C.    Defendant's Prior Record . . .
D.    Documents and Objects . . .
E.    Reports of Examinations and Tests...[and]
F.    Expert Testimony.

Further, Rule 16 specifically excludes certain items from discovery.  According to Rule 16(a)(2) and (a)(3), information not subject to disclosure or inspection includes "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case;" . . . "statements made by prospective government witnesses except as provided in 18

11

U.S.C. § 3500;" and, "discovery or inspection of a grand jury's recorded proceedings, except as provided in Rules 6, 12(h), 16(a)(1), and 26.2."

In the instant case, the government represents that it has provided all discovery required under Rule 16, or has made such discovery available to inspection by defense counsel.  The government has turned over to the defendant all relevant laboratory results in the government's possession.  As such, the government will provide to the defendant any additional laboratory results, if any, upon receipt of the same by the government and consistent with the timing delineated in Federal Rules of Criminal Procedure Rule 16 and the local Court rules.  The government has provided defendant with copies of documents and recordings, which the government may introduce at trial in this case.  Additionally, the government has made any recordings and sealed search warrant applications available to defendant's counsel at his convenience.

The government is aware of its obligation to provide continuing Rule 16 discovery if, and when, such becomes known to the government, and agrees to comply with this requirement.

The defendant is hereby notified that if the case proceeds to trial, the government anticipates calling certain expert witnesses specifically trained in the area of explosives, DNA evidence, K-9 handling, fingerprint comparison, and firearms.  See FED. R. CRIM. P. 16(a)(1)(F).

A synopsis of the each witness's testimony will be provided to the defense well in advance of trial and the government will immediately provide the expert's statement of qualifications and notes to the defendant and counsel.  Once the District Court sets a trial Scheduling Order, the government fully intends to disclose to the defense any and all expert witness credentials, laboratory notes, if any, and any other relevant materials, once they are received. The Government is aware of its obligation pursuant to Rule 16(a)(1)(F), has complied with the rule in providing discovery to date, and is aware of its ongoing obligation to provide ongoing discovery that falls within the ambit of rule.

To date, the government has complied with the requirements of Rule 16 of the Federal Rules of Criminal Procedure.  The government's delivery of the voluntary discovery materials renders the remaining discovery requests moot.  Pre-trial discovery is an on-going effort.  If additional discovery materials become available, the government will disclose them without undue delay.  See FED. R. CRIM P. 16(c).

Finally, pursuant to Rule 12(b)(4), the government currently intends to use all of the evidence disclosed during voluntary discovery and discovery which falls within the scope of Rule 12(b)(4).

III.   **The Defendant's Motion for Disclosure of Evidence Pursuant to Federal Rules of Evidence 404(b), 608, and 609 Should be Denied.**

The defendant moves for pretrial disclosure of any evidence the government intends to introduce at trial pursuant to Federal Rules of Evidence 404(b), 608, and 609.  See Doc.

No. 35 at ¶¶ 25-28.  The government will provide notice of such information to the defendant pursuant to the District Court's Pretrial Scheduling Order, which has yet to be issued.

Federal Rules of Evidence 404(b) permits the admission into evidence of proof of other crimes, wrongs, or acts during the direct case of the government for purposes of proving such matters as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Rule 404(b) also provides that the prosecution "shall provide reasonable notice in advance of trial of the general nature of any such evidence [of other crimes, wrongs, or acts] it intends to introduce at trial."  FED. R. EVID. 404(b).  What constitutes reasonable notice "depends on the circumstances of the particular case."  United States v. Reddy, 190 F.Supp.2d 558, 577 (S.D.N.Y. 2002).  The District Court judge assigned in this case typically requires such disclosure by a date certain prior to trial.  The United States will provide notification of any Rule 404(b) evidence it intends to introduce at trial well in advance of trial.  The trial in this matter, however, has not yet been scheduled.  Therefore, the defendant's motions should be denied as premature.  See United States v. Birkett, 1999 WL 689992, *6 (S.D.N.Y.) (denying as premature defendants' motion for 404(b) evidence).

With respect to the defendant's requests under Rules 608 and 609, the government is not aware that the defendant has a criminal history, but, fi the government becomes aware of such, the government will provide the defendant with a copy of his own criminal history, which is sufficient for discovery purposes. See United States v. Kelly, 91 F. Supp. 2d 580, 584

(S.D.N.Y. 2000) (finding that providing defendant with copy of rap sheet was sufficient to satisfy government's obligation to provide advance notice of evidence of criminal convictions more than ten years old under Rules 608 and 609). The defendant is not entitled to pretrial disclosure of additional evidence the government intends to use to cross-examine him, should he testify at trial. See, e.g., United States v. Tomblin, 46 F.3d 1369, 1388 n.51 (5th Cir. 1995) (indicating that Rule 608(b) does not require advance notice of the prosecutor's intent to use specific instances of defendant's conduct to impeach the defendant when he testifies); United States v. Baskes, 649 F.2d 471, 477 (7th Cir. 1980) (same); United States v. Messino, 855 F. Supp. 955, 965 (N.D. Ill. 1994) (same).

Thus, no court-ordered relief is warranted, and the defendant's motion should be denied. See Doc. No. 35 at ¶¶ 25-28.

## IV. The Defendant's Motion for Disclosure of Brady Material Should be Denied.

The defendant moves this Court for an order to compel the production of Brady material. See Doc. No. 35 at ¶¶ 29-33. As addressed below, the defendant's motion should be denied.

The government acknowledges its affirmative continuing duty to provide a defendant with exculpatory evidence, under the authority of Brady, as well as evidence that the defense might use to impeach the government's witnesses at trial. See United States v. Bagley, 473 U.S. 667 (1985); see also Giglio v. United States, 405 U.S. 150 (1972).

While the government is unaware of any Brady information in this case, it should be pointed out that Brady does not create a constitutional right of pretrial discovery in a criminal proceeding and it does not require that the prosecution reveal before trial the names of its witnesses.  See Weatherford v. Bursey, 429 U.S. 545, 559 (1977); see also United States ex rel. Lucas v. Regan, 503 F.2d 1, 3 (2d Cir. 1974), cert. denied, 420 U.S. 939 (1975) ("[n]either Brady nor any other case we know of requires that disclosures under Brady must be made before trial"); United States v. Shaker, 543 F.Supp. 1059, 1061 (S.D.N.Y. 1982) ("Brady does not entitle a defendant to a general right of pre-trial discovery.").  Evidence which is not exculpatory, but is relevant for the purposes of impeachment, must be produced to the defense, but need not be turned over in advance of trial.  United States v. Nixon, 418 U.S. 683, 701 (1974); see also United States v. Walker, 922 F.Supp. 732, 741 (N.D.N.Y. 1996); Lea v. Portend, 257 F.3d 89, 100 (2d Cir. 2001) ("[Disclosure prior to trial is not mandated."); United States v. Mt. Pleasant, 2007 WL 1267029, slip. op., at *3 (W.D.N.Y. 2007); United States v. Dotel, 1994 WL 25787, slip op., at *3 (S.D.N.Y. 1994) (Brady impeachment material as to government's witnesses – i.e., Giglio material – is properly disclosed when the witness testifies at trial); United States v. Feldman, 731 F.Supp. 1189, 1200 (S.D.N.Y. 1990); United States v. Victor Teicher & Co., L.P., 726 F.Supp. 1424, 1442-43 (S.D.N.Y. 1989).  Typical impeachment material, such as a witness's beneficial treatment by the government, is normally disclosed at the time the 3500 material is turned over – after the government witness has testified on direct examination. 18 U.S.C. § 3500(b); United States v. Payden, 613 F. Supp. 800, 821 (S.D.N.Y. 1963).

Furthermore, Brady does "not require the government to do defense counsel's pretrial preparation, nor develop defense strategy, nor does it require the government to point out the obvious." United States v. Larson, 567 F.Supp. 500, 503 (S.D.N.Y. 1983), aff'd., 742 F.2d 1443 (2d Cir. 1984); see also United States v. Amor, 1992 WL 309875, at *4 (N.D.N.Y. 1992), aff'd., 24 F.3d 432 (2d Cir. 1994) ("[t]he purpose of the Brady rule is not to provide a defendant with complete disclosure of all evidence in the government's file which might conceivably assist him in the preparation of his defense, but to assure that he will not be denied access to exculpatory evidence known to the government but unknown to him."); see also United States v. Ruggiero, 472 F.2d 599 (2d Cir. 1973), cert. denied, 412 U.S. 939 (1973).

In the instant case, the government agrees to provide impeachment Brady material, i.e., statements, grand jury testimony, witnesses, books, papers, reports, photographs, handwritten notes, synopses of statements made by witnesses, or any other tangible items of evidence in the custody and control of the government or any governmental agency or agents working with or under the supervision of the government, to the extent any such items may exist, in accordance with the schedule set by the District Court prior to trial and no later than when the government produces and delivers the Jencks Act material in this case. Courts have routinely held that a prosecutor's compliance with the disclosure of material under the Jencks Act is timely disclosure under Brady. See United States v. Persico, 621 F.Supp. 842, 870 n.3 (2d Cir. 1985).

Accordingly, the Court should find that the government is in full compliance with its Brady obligation, and deny the defendant's motions in this regard.

17

**V.**   **The Defendant's Motion for Early Disclosure of Jencks Act Material Should be Denied.**

The defendant moves for disclosure of the statements of witnesses pursuant to Title 18, United States Code, Section 3500 (Jencks Act).   See Doc. No. 35 at ¶¶ 34-38.  The United States will comply in this case with our practice and the trial court's practice to disclose witness statements before trial; that practice should be followed because the defendant has failed to make any showing of good cause for the extraordinary and expedited relief sought.

The Jencks Act requires the government to produce any prior statements of a witness that relate to the subject matter of the witness's testimony and that are in the government's possession, *after* the direct examination of the witness.  18 U.S.C. § 3500 (emphasis added). Because the Jencks Act provides the exclusive procedure for discovering statements a government witness has given to law enforcement agents, United States v. Covello, 410 F.2d 536, 543 (2d Cir. 1969), even the trial court lacks statutory authority to order early disclosure. In re United States, 834 F.2d 283, 286-287 (2d Cir. 1987); United States v. Percevault, 490 F.2d 126 (2d Cir. 1974).  Nonetheless, the United States agrees to provide witness statements required by 18 U.S.C. § 3500 at the time set by the trial court pursuant to its usual practice. However, the government reserves the right to withhold witness statements until a witness has completed direct testimony where production of the witness' statement prior to trial would expose the witness to retaliation or danger to the witness or his family.

**VI.**   **The Defendant's Motion for a Conspiracy Hearing Should be Denied.**

The defendant's motion for a pre-trial hearing regarding the existence of a conspiratorial agreement prior to the admission of co-conspirator statements should be denied.  <u>See</u> Doc. No. 35 at ¶ 39.  The admissibility of co-conspirator statements is a matter for the District Court to determine at the time of trial.

The statements that the defendant seems to describe are well beyond the scope of the definition of a defendant's statements in Rule 16(a)(1)(A)-(B) and are not subject to pretrial disclosure under settled law.  <u>See</u> <u>In re United States</u>, 834 F.2d 283, 286-87 (2d Cir. 1987); <u>see also</u> <u>United States v. Percevault</u>, 490 F.2d 126, 131 (2d Cir. 1974); <u>see also</u> <u>Bidloff</u>, 82 F.Supp.2d at 81; <u>see also</u> <u>United States v. Green</u>, 144 F.R.D. 631, 638 (W.D.N.Y. 1992); <u>see also</u> F<span style="font-variant:small-caps">ED</span>. R. C<span style="font-variant:small-caps">RIM</span>. P. 16(a)(2).  Accordingly, to the extent that what the defendant seeks is disclosure of and the limitation of any and all co-conspirator statements, his motion should be denied.

Testimony of out-of-court co-conspirator statements during the course of and in furtherance of a conspiracy is not hearsay testimony; co-conspirator statements are admissions of a party opponent that are specifically excluded from the definition of hearsay.  <u>See</u> Fed. R. Evid. 801(d)(2)(E).  If the trial court considers statements that may be used during a proffer under Federal Rule of Evidence 104(a) to make a preliminary showing by a preponderance of the evidence whether a foundation exists for admission of co-conspirator statements pursuant to Rule 801(d)(2)(E), such as is discussed in <u>United States v. Bourjaily</u>, 483 U.S. 171 (1987), the trial court "is not bound by the rules of evidence except those with

respect to privileges." FED. R. EVID. 104(a).  These statements, though they may technically be hearsay, are no more within the scope of Rule 16(a) than are other statements of co-conspirators who are not the defendant.  See In re United States, 834 F.2d 286, 287 (2d Cir. 1987).  Such statements are not subject to disclosure at this time, if at any time, before the trial proffer of evidence to establish a conspiracy.  Id.  Thus, the defendant's motion for a pretrial limitation of any statements should be denied.

The United States will proffer evidence in support of the admission of out of-court co-conspirator statements at the time designated by the trial court for a proffer.  Because the defendant offers no legal authority or practical justification for an early proffer or for early discovery of hearsay statements that may be used during a proffer for a Rule 104(a) ruling that a statement is admissible as a co-conspirator statement pursuant to Rule 801(d)(2)(E), his motion seeks an order requiring such discovery and disclosure should be denied.

In any event, the government expects that denial of the defendant's motions will not prejudice him.  We expect there will be timely disclosures of documents and 3500 material more than sufficient to support a preliminary finding of a foundation for admission of any co-conspirator statements pursuant to a schedule to be set by the trial court.

As previously stated, the admissibility of co-conspirator statements is a matter for the District Court to determine at the time of trial.  Thus, the defendant's motion should be denied.  See Doc. No. 35 at ¶ 39.

**VII.** **The Defendant's Motion to Exclude Statements by Non-Testifying Co-Conspirators Should be Denied.**

To the extent the defendant's motion seeks to preclude the admission of co-conspirator statements, the motion should be denied.  See Doc. No. 35 at ¶¶ 40-42.  Moreover, to the extent the defendant's motion seeks to preclude the post-arrest statement of any co-defendant, without regard to whether the statement can be redacted in accordance with the Supreme Court's holding in Richardson v. Marsh, 481 U.S. 200 (1987), the defendant's motion should likewise be denied.

In Bruton v. United States, 391 U.S. 123, 135-37 (1968), the Supreme Court held that admission of a co-defendant's "powerfully incriminating extrajudicial statements" during a joint trial of a non-testifying accomplice violated the Confrontation Clause, and further held that it "cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination." Nevertheless, in Marsh, the Supreme Court recognized confessions "are more than merely 'desirable'; they are essential to society's compelling interest in finding, convicting, and punishing those who violate the law," and declined to extend Bruton by holding that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." 481 U.S. at 210-11.  Such redacted confessions do not violate the Confrontation Clause even if they become incriminating when linked with other evidence.  Id. at 208.

Here, the government is presently unaware of any statements implicating <u>Bruton</u> as to the defendant and submits that, even if there are co-defendant statements that mention the defendant within the meaning of <u>Bruton</u>, such statements can be redacted in accordance with <u>Marsh</u> such that preclusion of the co-defendant's admission would be unwarranted.

Based on the above, the defendant's motion to preclude all co-defendant statements should be denied.  <u>See</u> Doc. No. 35 at ¶¶ 40-42.

## VIII.   <u>The Defendant's Motion for a Bill of Particulars Should be Denied.</u>

The defendant has requested that the government file a bill of particulars enumerating and specifying, in great detail, numerous aspects of the case.  <u>See</u> Doc. No. 35 at ¶¶ 43-48. The government maintains that the Indictment is sufficient and that the demand for a Bill of Particulars is unwarranted as to the defendant.  The volume of discovery provided thus far in this action provides an overall picture of the defendant's culpability and actions relative to the distributions and the discovery provided.  As the Second Circuit has stated:

> A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.  Acquisition of evidentiary detail is not the function of the bill of particulars.  So long as the defendant was adequately informed of the charges against him and was not unfairly surprised at trial as a consequence of the denial of the bill of particulars, the trial court has not abused its discretion.

<u>United States v. Torres</u>, 901 F.2d 205, 234 (2d Cir. 1990) (citations omitted):  ("[T]he government need not particularize all of its evidence.").  If the information sought is available elsewhere, or has already been provided, there is no need for a Bill of Particulars.  <u>United States v. Bortnovsky</u>, 820 F.2d 572 (2d Cir. 1987).

The application for a bill of particulars is addressed to the sound discretion of the Court, and the burden is on the defendant to show that non-disclosure of the requested particulars will lead to prejudicial surprise at trial or will adversely affect defendant's substantial rights. Wong Tai v. United States, 273 U.S. 77, 82 (1927). The purpose of a bill of particulars is to "apprise a defendant of the nature of the charges against them so that he can adequately prepare a defense, avoid prejudicial surprise at trial and plead double jeopardy in subsequent related actions." United States v. Greater Syracuse Board of Realtors, 437 F. Supp. 376, 379 (N.D.N.Y. 1977). The bill of particulars is not a discovery device to seek complete discovery. Wong Tai, 372 U.S. at 82. The Court should consider whether the information sought has been previously provided in some other form and if so, no bill of particulars is needed. United States v. Bortnovsky, 820 F.2d 572 (2d Cir. 1987). A defendant does not "need" detailed evidence about the conspiracy to prepare for trial properly. United States v. Feola, 651 F. Supp. 1068, 1132-33 (S.D.N.Y. 1987), aff'd, 875 F.2d 857 (2d Cir.), cert. denied, 493 U.S. 834 (1989).

The government is not obligated to "preview its case or expose its legal theory." United States v. Leonelli, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). Neither is the government required to disclose the manner in which it will attempt to prove the charges, United States v. Brevard, 27 F.R.D. 250, 251 (S.D.N.Y. 1961), nor the precise manner in which the crimes charged in the Indictment were committed, United States v. Andrews, 381 F.2d 377, 378 (2d Cir. 1967), cert. denied, 390 U.S. 960 (1968), since the "manner or means by which a crime is carried out constitutes evidentiary matter, not ultimate facts." United States v. Boneparth, 52 F.R.D. 544, 545 (S.D.N.Y. 1971).

23

Furthermore, the government is not required to provide information tantamount to an itemized preview of its proof, less the defendant tailor his own testimony to explain away the government.  See United States v. Cimino, 31 F.R.D. 277, 279 (S.D.N.Y. 1962), confirmed, 321 F.2d 509 (2d Cir. 1963), cert. denied, 375 U.S. 974 (1962).  Demands seeking disclosure of the government's legal theory are simply not within the proper scope of a bill of particulars. See, e.g., United States v. Shorher, 555 F. Supp. 346, 350 (S.D.N.Y. 1983); United States v. Mannimo, 408 F. Supp. 1182, 1185 (S.D.N.Y. 1979).

It is fundamental that a bill of particulars confines the government's proof to the particulars furnished.  United States v. Glaze, 313 F. Supp. 757, 759 (2d Cir. 1963); United States v. Murray, 297 F.2d 812, 819 (2d Cir.), cert. denied, 369 U.S. 828 (1962).  Accordingly, bills of particulars should not be granted where the details sought would unduly restrict the government in presenting its proof at trial.  See Braatelien v. United States, 147 F.2d 888, 892 (8th Cir. 1945); United States v. Kessler, 43 F. Supp. 408, 412-13 (E.D.N.Y. 1942).

The government is not required to answer inquiries where it has no knowledge or information.  United States v. Cohen, 39 F.R.D. 45 (S.D.N.Y. 1965).  Nor is it the function of a bill of particulars to furnish a defendant with information which the government need not provide at trial.  United States v. McCloud Bureau, 6 F.R.D. 590, 592 (D. Mass. 1947); see also, United States v. Cummings, 49 F.R.D. 160, 161 (S.D.N.Y. 1969).

Based on the foregoing, the government submits that the defendant's motion for a bill of particulars should be denied.  See Doc. No. 35 at ¶¶ 43-48.

## IX. __The Defendant's Motion for the Revelation of Identity of Informants Should be Denied.__

The defendant's motion for the early disclosure of the names and files of the government's informant(s) should be denied.  See Doc. No. 35 at ¶¶ 49-67.

The law rightly recognizes a privilege to withhold the identities and backgrounds of confidential informants because "it recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." Roviaro v. United States, 353 U.S. 53, 59 (1957).  The defendant bears the burden of making "a specific showing that disclosure was both material to the preparation of [the] defense and reasonable in light of the circumstances surrounding [the] case." United States v. Bejasa, 904 F.2d 137, 139-40 (2d Cir. 1990). Disclosure of a confidential informant's identity is an "extraordinary remedy." United States v. Muyet, 945 F. Supp. 586, 602 (S.D.N.Y.1996).  "Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead, the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity." United States v. Fields, 113 F.3d 313, 324 (2d Cir. 1997).  A defendant is generally provided the identity of an informant "[w]here the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilty or innocence." United States v. Saa, 859 F.2d 1067, 1073 (2d Cir. 1988) (quotation omitted).  Thus, the defense must assert both participation by the informant in the offense and relevance of the information sought.  Materiality is not established simply by showing that the confidential informant was

a participant in and a witness to the crime charged.  See United States v. Jiminez, 789 F. 2d
167, 170 (2d Cir. 1986).

The defendant has not satisfied his burden of showing a "particularized need" for the
disclosure of the informants' identities.  Particularly in the absence of any such showing and
given both the drug- and gun-related nature of the charges in this case, the government's
interest in protecting the confidential informants' safety certainly outweighs the defendant's
generalized and unsupported statement of need to learn the informants' identities.  Jimenez,
789 F. 2d at 170; see also United States v. Taylor, 707 F. Supp. 696, 703 (S.D.N.Y. 1989)
("Especially in narcotics cases, where the dangers of witness intimidation, subornation of
perjury or actual injury to witnesses are great, the defendant's request for a witness list should
not be granted absent a particularized showing of need.").

## X.   The Defendant's Motion for Release of Grand Jury Minutes Should be Denied.

The defendant has moved for disclosure of all grand jury minutes.  See Doc. No. 35 at
¶¶ 68-74.  Federal Rule of Criminal Procedure 16(a)(1)(B)(iii) only authorizes disclosure of
the defendant's own recorded testimony before a grand jury relating to the charged offense.
The defendant has not testified in the grand jury relating to the charged offense and, therefore,
is not entitled to any grand jury transcripts.

There is a presumption that grand jury proceedings are lawful and regular.  Hamlin v.
United States, 418 U.S. 87, 139 n.23 (1974); United States v. Salameh, 152 F.3d 88, 109-110
(2d Cir. 2004); United States v. Torres, 901 F.2d 205, 232 (2d Cir. 1990).  In United States v.

R Enterprises, Inc., 498 U.S. 292 (1991), the Supreme Court reaffirmed that "the law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority." Id. at 300. As such, dismissal of an indictment is considered a drastic sanction that must be reserved for truly extreme cases. United States v. Broward, 594 F.2d 345, 351 (2d Cir. 1979).

Rule 6(e)(2) of the Federal Rules of Criminal Procedure provides that, subject to narrow exceptions, a government attorney "shall not disclose matters occurring before the grand jury." Disclosure of grand jury proceedings to a defendant is available only by order of the Court. Fed. R. Crim. P. 6(e)

> was not designed as an authorization for pretrial discovery. Its purpose, on the contrary, is to protect the secrecy of the Grand Jury proceedings by restricting disclosure to the exceptional case where a particularized need is shown.

United States v. Weinstein, 511 F.2d 622, 627 (2d Cir.) (footnote omitted), cert. denied, 422 U.S. 1042 (1975). A defendant seeking disclosure of grand jury proceedings bears the burden of establishing that his "particularized need" for such disclosure outweighs the general policy of grand jury secrecy. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959). Conclusory allegations of need or impropriety are not sufficient to satisfy this heavy burden. United States v. Calandra, 414 U.S. 338, 345 (1974). A defendant's request for "review of grand jury minutes is rarely granted without specific allegations of governmental misconduct." Torres, 901 F.2d at 233.

In the instant case, the defendant's motion for the disclosure of grand jury minutes is without merit.  The defendant has provided no basis for a disclosure and review of the grand jury materials.  <u>See</u> Doc. No. 53 at 4-6 (¶¶ 21-24).  The defendant has not made any showing of misconduct, and the defendant's motion is completely void of any specific allegations of misconduct.  <u>Id.</u>  As a result, the defendant's request for disclosure of Grand Jury minutes should be denied.  <u>See</u> Doc. No. 35 at ¶¶ 68-74.

## XI.    <u>The Defendant's Motion for Preservation of Rough Notes Should be Denied.</u>

The defendant requests that the Court order the government to retain and preserve all agents' rough notes generated in connection with the underlying investigation.  <u>See</u> Doc. No. 35 at ¶¶ 75-77.   Also, the defendant requests a court order the United States to preserve and protect all evidence acquired during the investigation.  <u>Id.</u>  It should be noted that law enforcement agencies have policies and procedures in place for preservation of evidence, which evidence has already been provided and made available to the defense.

The United States has no general objection to the request that the government agents retain notes taken during the investigation of this case.  As a matter of routine practice, all federal law enforcement agencies already do so; and the prosecutor will request the agents to retain their notes relevant to this investigation, which notes have not resulted in the preparation of a final report.  <u>See</u> <u>United States v. Wei</u>, 862 F. Supp. 1129, 1139 (S.D.N.Y. 1994).  However, we note that defendant's request covers material that may not be Jencks material and so may exceed the United States' obligation under 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 26.2.  The retention of notes of agents is not required as long as

the notes are subsequently incorporated into a final report.  United States v. Elusma, 849 F.2d

76, 79 (2d Cir. 1988); United States v. Sanchez, 635 F.2d 47, 66 n.20 (2d Cir. 1980); United

States v. Percan, 1999 WL 13040 (S.D.N.Y. 1999); United States v. Hilario, 1990 WL 106831

(S.D.N.Y. 1999).  Moreover, even if retained, rough notes are not discoverable, even as Jencks

Act material.  United States v. Koskerides, 877 F.2d 1129, 1133 (2d Cir. 1989).


Based on the foregoing, the government submits that the defendant's motion for

preservation of rough notes and other evidence should be denied.  See Doc. No. 35 at ¶¶ 75-

77.


## XII.    The Defendant's Motion for Leave to File Additional Motions Should be Denied.

The defendant has further moved for leave to bring such other motions.  See Doc. No.

35 at ¶ 78.  The defendant will be able to raise legal issues before trial to the extent the issues

are not stale under Rule 12(b).  The defendant has already made numerous motions, some

with multiple sub-categories, in this omnibus motion.  The Court should deny the motion to

file additional motions, without prejudice.  See FED. R. CRIM. P. 12(b).  The law does not

permit a defendant to hold in reserve any argument she chooses, for whatever reason she

chooses, until a time that she chooses.


To the extent that a defendant later establishes good cause for a failure timely to make

a pretrial motion, the United States will not oppose a request for the additional motion, if

there is merit to the motion.  Nevertheless, the Court should not excuse the defendant, in

advance, of the requirement that they show good cause for making a late pretrial motion.

**XIII.**   **The Government's Motion for Reciprocal Discovery Should be Granted.**

Pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure, the government hereby requests reciprocal discovery.  Specifically, the government requests that it be allowed to inspect and copy books, papers, documents, photographs, tangible objects, or copies of portions thereof which are within the possession, custody or control of the defendant in which the defendant intends to introduce as evidence-in-chief at the trial. Additionally, the government requests to inspect and copy any results or reports of physical or mental examinations and/or of scientific tests or experiments made in connection with this case within the possession or control of the defendant which the defendant intends to introduce as evidence-in-chief at the trial or which was prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness's testimony. As of this date, defendant has not provided any reciprocal discovery to the government.

Pursuant to Federal Rule of Evidence 807, the government also requests advance disclosure of any statement(s) the defendant proposes to utilize at a trial of this matter. In the absence of any opposition by the defendant, it is respectfully requested that the relief sought, consistent with Federal Rule of Criminal Procedure 16 and Federal Rule of Evidence 807 be granted.

The government specifically reserves its right to file any necessary Memorandums of Law with respect to any factual or legal issues developed during argument on the instant motions and to respond to any motions or requests to which the defendant has requested leave to file or reserved.

## CONCLUSION

For all of the foregoing reasons, the defendant's motions should be denied in their entirety.


DATED:  Buffalo, New York, November 14, 2019.


JAMES P. KENNEDY, JR.
United States Attorney


BY:    s/BRENDAN T. CULLINANE
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York  14202
       716/843-5875
       Brendan.Cullinane@usdoj.gov