IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

    v.           19-CR-106

JEFFREY RICHARDS,

      Defendant.

_____

## GOVERNMENT'S RESPONSE
## TO THE DEFENDANT'S AFFIDAVIT OF STANDING

The defendant, JEFFREY RICHARDS, through his attorney, Michael J. Stachowski, Esq., filed an affidavit of standing in support of the defendant's pretrial motions seeking various forms of relief.  See Doc. Nos. 35, 38.  THE UNITED STATES OF AMERICA, by and through its attorneys, James P. Kennedy, Jr., United States Attorney, and Brendan T. Cullinane, Assistant United States Attorney, of counsel, hereby responds to defendant's affidavit of standing.

## PROCEDURAL HISTORY

In 2018, law enforcement received information regarding the defendant's bomb making activities, drug distribution, and firearm possession.  In particular, law enforcement learned that the defendant made and possessed explosives; the information gathered by law enforcement indicated that the defendant possessed an explosive formed in the shape of a ball, which was wrapped in tape, contained dangerous objects inside the ball, and had a green fuse affixed to it.  Law enforcement also learned that the defendant possessed firearms.  Moreover, law enforcement received information that the defendant possessed heroin, fentanyl, and

other illegal narcotics inside his residence, which was located at 4 Packard Court, Apartment D, Niagara Falls, New York.

On December 14, 2018, law enforcement submitted a search warrant application for United States Magistrate Judge Michael J. Roemer's review.  On that same date, Judge Roemer signed the search warrant to search the defendant's residence.  Later that same date, law enforcement executed the search warrant at the defendant's residence.

Following the lawful entry into the defendant's residence, law enforcement stopped the defendant in a vehicle, which he drove, and detained him (as well as the passenger, who sat in the vehicle's front-passenger seat).  Subsequently, law enforcement recovered a .45 caliber pistol located under the defendant's driver seat.  Law enforcement learned that the vehicle, which was a rental vehicle, was rented in the name of the passenger's partner and that the defendant was not listed as an authorized driver of the rental vehicle.  Following the search of the rental vehicle, law enforcement turned over the rental vehicle to the passenger.

Law enforcement arrested him and provided him with his <u>Miranda</u> rights.  The defendant thereafter waived his <u>Miranda</u> rights and made statements regarding his criminal conduct.

During the search of the defendant's residence on December 14, 2018, law enforcement recovered the following items from the defendant's residence:

    a.       Over 100 grams of a mixture and substance containing acetyl fentanyl, a Schedule I controlled substance, and an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl);

    b.       Over 40 grams of a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl);

    c.       Cocaine, a Schedule II controlled substance;

    d.       Marijuana, a Schedule I controlled substance;

    e.       Alprazolam, a Schedule IV controlled substance;

    f.       Various drug packaging and processing materials, including scales, baggies, and razor blades;

    g.       Various drug paraphernalia;

    h.       Five bolt-action rifles;

    i.       Two shotguns;

    j.       One Taser;

    k.       A large amount of various ammunition;

    l.       Several commercial fireworks; and,

    m.       One suspected improvised explosive device.


On December 15, 2018, Judge Roemer signed a criminal complaint charging the defendant with violations of Title 18, United States Code, Sections 924(c)(1), Title 21, United States Code, Section 841(a)(1) and 856, and Title 26, United States Code, Sections 5822, 5845(a)(8), 5845(f), 5845(i), 5861(f), and 5871.   See Doc. No. 1.


On May 17, 2019, a federal Grand Jury in the Western District of New York returned a twelve-count indictment charging the defendant with violations of Title 18, United States

Code, Sections 922(j), 924(c)(1), and 2, Title 21, United States Code, Sections 841, 846, 856(a)(1), and 858, and Title 26, United States Code, Sections 5861(c), 5861(d), and 5861(f). See Doc. No. 15.

On October 23, 2019, the defendant filed various motions in compliance with the revised Scheduling Order.  See Doc. No. 35.  On November 14, 2019, the government filed a response in opposition to the defendant's motions.  See Doc. No. 36.  On December 13, 2019, the parties appeared before this Court for oral argument; at that time, the Court ordered a hearing regarding the defendant's motion to suppress the firearm recovered from the rental vehicle.  See Doc. No. 37.  On January 3, 2010, the defendant filed an affidavit in support of the defendant's motion to suppress the firearm recovered from his vehicle.  See Doc. No. 38.

As demonstrated below, the defendant has failed to establish standing regarding the firearm recovered from the vehicle and therefore the defendant's motion should be denied.

## **ARGUMENT**

### I.    **The Defendant's Motion to Suppress Evidence and Statements Should be Denied.**

#### A.    **The defendant's affidavit of standing fails to demonstrate the defendant's standing in this matter.**

Although the defendant filed an affidavit of standing, the defendant's affidavit fails to establish his standing in this matter.  See Doc. No. 38.  As such, the defendant's motion to suppress physical evidence and statements should be denied.  See Doc. No. 35 at ¶¶ 6-23.

The Fourth Amendment guarantees citizens the "right . . . to be secure in their . . . effects, against unreasonable searches and seizures." U.S. CONST. AMEND. IV. To prove that a search violated the Fourth Amendment, "an accused must show that he had a legitimate expectation of privacy in a searched place or item." United States v. Rahme, 813 F.2d 31, 34 (2d Cir. 1987) (citing Rawlings v. Kentucky, 448 U.S. 98, 104 (1980)). The person challenging the search must demonstrate a subjective expectation of privacy in the place searched, and that expectation must be objectively reasonable. United States v. Paulino, 850 F.2d 93, 97 (2d Cir. 1988).

In United States v. Lyle, the Second Circuit Court of Appeals held that an unauthorized and unlawful driver of a rental vehicle lacks standing. 919 F.3d 716, 729 (2d Cir. 2019). The factors of Lyle dictated a specific finding, as the driver of the vehicle in that case "was not only the driver of the vehicle but the sole occupant." Id.

In this instance, the defendant has put forth an affidavit admitting that he drove a vehicle, but has put forward no information that the person who rented the vehicle authorized the defendant to drive the vehicle. See Doc. No. 38. Rather, at that time, law enforcement learned that the defendant was not, in fact, an authorized driver of the rental vehicle. Thus regardless of whether the defendant drove with a valid driver's license or not, the defendant was not an authorized driver who at had "a reasonable expectation of privacy."

Thus, the defendant's motion should be denied.

**B.** **Alternatively, notwithstanding the defendant's failure to file an affidavit demonstrating standing, the facts in this case demonstrate that the defendant's motion should be denied.**

Notwithstanding the government's argument that the defendant's affidavit fails to establish his standing, the defendant has failed to show that the search of his residence was unlawful or the stop of his vehicle (and subsequent recovery of the firearm) was illegal. As such, the defendant's motion should be denied.

**1.** **Law enforcement permissibly stopped the defendant's vehicle and lawfully recovered the firearm in the defendant's possession.**

A police officer may briefly detain a person to ask questions if the officer has reasonable suspicion that "criminal activity is afoot." Terry v. Ohio, 392 U.S. 1, 30 (1968). "The suspicion that criminal activity is afoot must be both reasonable and articulable." United States v. Muhammed, 463 F.3d 115, 121 (2d Cir. 2006). Further, the officer's actions must be "reasonably related in scope to the circumstances which justified the interference in the first place." Terry, 392 U.S. at 20. In determining whether or not an investigating officer possesses reasonable suspicion to detain a person, a reviewing court must evaluate the "totality of the circumstances" surrounding the stop. United States v. Sokolow, 490 U.S. 1, 8 (1989). This doctrine generally applies to a person when they are stopped inside of a vehicle. Delaware v. Prouse, 440 U.S. 648, 659 (1979).

In this case, on December 14, 2019, law enforcement stopped the vehicle based on information that the defendant possessed explosives, a firearm, and/or controlled substances. Following the stop of the vehicle, in which the defendant was the driver, law enforcement

removed the defendant from the vehicle. As such, law enforcement properly and appropriately stopped the vehicle and detained the defendant.

### a.      Search Incident to Arrest

If the police have probable cause to believe that a vehicle contains evidence of a crime, the vehicle may be searched without a search warrant. See Carroll v. United States, 267 U.S. 132 (1925); see also Colorado v. Bannister, 449 U.S. 1, 3, (1980); United States v. Gaskin, 364 F.3d 438, 456 (2d Cir. 2004). This is based upon the fact that vehicles are inherently mobile, a fact which often makes obtaining a search warrant impractical. Such a search is permissible if either the arrestee is unsecured and within reaching distance of the passenger compartment of the vehicle at the time of the search *or if the officer has reason to believe that the vehicle contains evidence of the offense of arrest*. Arizona v. Gant, 556 U.S. 332 (2009) (emphasis added).

In this case, the officers lawfully searched the defendant's vehicle and the defendant incident to arrest. The officers had reason to believe that the vehicle contained evidence of the offense of arrest at the time law enforcement removed the defendant from the vehicle. Law enforcement approached the vehicle after receiving information regarding the defendant's unlawful possession of explosives, firearms, and controlled substances. A search of the vehicle incident to arrest of the defendant would have been permitted at the time, even if law enforcement secured the defendant in the police vehicle at the time of the search. As a result of this, the Court should deny the defendant's motion to suppress the evidence recovered during the search of the vehicle.

b.    <u>**Inventory Search**</u>

Alternatively, in this case, the search of the vehicle can be justified as an inventory search.

Although inventory searches typically occur at a police station or an impoundment facility, rather than at the time of the arrest, the Fourth Amendment does not require that police conduct inventory searches at any particular location. <u>United States v. Mendez</u>, 315 F.3d 132, 137 n.3 (2d Cir. 2002) (citing <u>Colorado v. Bertine</u>, 479 U.S. 367, 368-69 (1987), which upheld inventory search performed when the suspect was taken into custody, before the tow truck arrived). An inventory search allows the police to search and inventory property so as to ensure that it poses no risk to others, to secure any valuables for safe keeping and protect the police against false claims of damage or loss concerning property. <u>See</u> <u>Colorado v. Bertine</u>, 479 U.S. at 372. When vehicles are impounded, police officers generally follow a routine practice of securing and inventorying the automobiles' contents. These procedures have developed to meet three distinct needs: first, to protect the owner's property while it remains in police custody, <u>United States v. Mitchell</u>, 458 F.2d 960, 961 (9th Cir 1972); second, to protect the police against claims or disputes over lost or stolen property, <u>United States v. Kelehar</u>, 470 F.2d 176, 178 (5th Cir. 1972); and finally, to protect the police from potential danger, <u>Cooper v. California</u>, 386 U.S. 58, 61-62 (1967). Law enforcement must follow "established inventory procedures." <u>Illinois v. Lafayette</u>, 462 U.S. 640, 648 (1983).

In this case, law enforcement held the vehicle in custody following the arrest of the defendant. Although law enforcement ultimately turned the vehicle over to the vehicle's

passenger, law enforcement permissibly and lawfully searched the vehicle as part of an inventory search in order to assure safety to the community, law enforcement, and the defendant.

### c.   Inevitable Discovery

Law enforcement would have inevitably recovered the firearm in the vehicle if it was not lawfully seized prior to the search of the vehicle.  Inevitable discovery permits admission of unlawfully seized evidence when the government can show that the evidence would have been lawfully discovered.  See Nix v. Williams, 467 U.S. 431, 444 (1984).  In order to support a claim of inevitable discovery, the government must show, by a preponderance of the evidence, that the evidence in question would have been inevitably discovered.  See United States v. Cabassa, 62 F.3d 470, 474 (2d Cir. 1995).  A court must "view[] affairs as they existed at the instant before the unlawful search, what would have happened had the unlawful search never occurred" in considering inevitable discovery.  United States v. Eng, 971 F.2d 854, 861 (2d Cir. 1992).

In order to advance a claim of inevitable discovery due to an inventory search, the defendant must have been lawfully taken into custody and detained.  See United States v. Griffiths, 47 F.3d 74, 78 (2d Cir. 1995); see also U.S. v. Jenkins, 876 F.2d 1085, 1089 (2d Cir. 1989).  Once established, the question then becomes whether or not the contested evidence would have been discovered pursuant to a valid inventory search of the defendant's possessions.  Id.

The Court should deny the defendant's request on this ground as well because the evidence would have been located during the subsequent inventory search of the vehicle. In particular, law enforcement has arrested the defendant and placed him in custody. Further, it is reasonable that, based on the information gathered by law enforcement at that time, the officers would have sought a search warrant for the vehicle in the alternative.

         **2.**      **<u>Law enforcement permissibly searched the defendant's residence pursuant to a search warrant issued by United States Magistrate Judge Michael J. Roemer.</u>**

The defendant's motion to suppress evidence recovered on December 14, 2018, from 4 Packard Court, Apartment D, Niagara Falls, New York, should be denied. <u>See</u> Doc. No. 35. In particular, the defendant's affidavit of standing creates no issue or issues of fact regarding this Court's granting of a search warrant for the residence and the subsequent recovery of unlawful items from the defendant's residence. <u>See</u> Doc. No. 38.

The defendant seeks to suppress all evidence that was obtained pursuant to the search of the defendant's apartment on the following grounds: (1) that the search warrant was obtained without sufficient reliability if the underlying informants; (2) that there was no reasonable basis to believe that the defendant manufactured fentanyl; (3) that there was no reasonable basis to believe that the defendant enhanced fireworks; (4) that there was no was reasonable basis to believe that the fireworks that the defendant used were done to create destructive devices; (5) that the application did not contain probable cause; and, (6), that law enforcement exceeded the scope of the search warrant. <u>See</u> Docket No. 35 at ¶¶ 16-22.

However, a review of the search warrant demonstrates that the affiant provided: sufficient information regarding the reliability of any cooperating persons; relevant information regarding the defendant's possession of controlled substances; a reasonable basis to believe that the defendant used fireworks – and other materials – to manufacture fireworks; a reasonable basis to believe that the defendant used fireworks to create explosive devices; and, probable cause for the Court's review.  Finally, there is no information provided by the defendant in an attempt to demonstrate that law enforcement impermissibly exceeded the scope of the search warrant.

Furthermore, the officers acted in good faith in applying for and relying on the search warrant when conducting the search.  Finally, given the actions of law enforcement, which included (i) surveillance of the residence, (ii) preparing a search warrant application, and (iii) executing a search warrant, application of the exclusionary rule would have no deterrent effect and thus should not be applied here.  See United States v. Julius, 610 F.3d 60 (2d Cir. 2010).

### 3.   The defendant voluntarily made statements after waiving his Miranda rights.

In Moran v. Burbine, 475 U.S. 412 (1986), the Supreme Court found that a defendant's waiver of right to counsel was valid.  Id. at 424.  The Court explained that "because respondent's voluntary decision to speak was made with full awareness and comprehension of all the information Miranda requires the police to convey, the waivers were valid." Id.

In the present case, on December 14, 2018, shortly after law enforcement arrested the defendant, law enforcement conveyed all of the information required by Miranda v. Arizona

to the defendant.  <u>See</u> 384 U.S. 436 (1966).  The defendant initialed each of these rights and signed the waiver of his <u>Miranda</u> rights.  Thus, the defendant's waiver of his rights and subsequent statements are valid and were not taken in violation of the defendant's rights.

## <u>CONCLUSION</u>

For all of the foregoing reasons, the government renews its argument that the defendant's motions should be denied in their entirety.

DATED:  Buffalo, New York, January 17, 2020.

JAMES P. KENNEDY, JR.
United States Attorney

BY:   s/BRENDAN T. CULLINANE
      Assistant United States Attorney
      United States Attorney's Office
      Western District of New York
      138 Delaware Avenue
      Buffalo, New York  14202
      716/843-5875
      Brendan.Cullinane@usdoj.gov