IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                             19-CR-106-JLS

JEFFREY RICHARDS,

                Defendant.

---

## GOVERNMENT'S RESPONSE IN OPPOSITION
## TO THE DEFENDANT'S MOTION FOR RELEASE

THE UNITED STATES OF AMERICA by and through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, Brendan T. Cullinane, Assistant United States Attorney, hereby files its response in opposition to the defendant's motion for release. See Doc. No. 49. As described herein, the government respectfully requests that the Court deny the defendant's motion.

### I.    BACKGROUND AND PROCEDURAL HISTORY

In 2018, law enforcement received information regarding the defendant's bomb making activities, drug distribution, and firearm possession. See Doc. No. 1 ¶¶ 7-8. In particular, law enforcement learned that the defendant made and possessed explosives; the information gathered by law enforcement indicated that the defendant possessed an explosive formed in the shape of a ball, which was wrapped in tape, contained dangerous objects inside the ball, and had a green fuse affixed to it. Id. Law enforcement also learned that the defendant possessed firearms. Id. Moreover, law enforcement received information that the

defendant possessed heroin, fentanyl, and other illegal narcotics inside his residence, which was located at 4 Packard Court, Apartment D, Niagara Falls, New York. Id.

On December 14, 2018, law enforcement submitted a search warrant application for United States Magistrate Judge Michael J. Roemer's review. Id. at ¶ 9. On that same date, Judge Roemer signed the search warrant to search the defendant's residence. Id. Later that same date, law enforcement executed the search warrant at the defendant's residence. Id.

Following the lawful entry into the defendant's residence, law enforcement stopped the defendant in his vehicle, which he drove, and detained him. Id. at ¶ 10. At that time, law enforcement recovered a .45 caliber pistol located under the defendant's driver seat. Id. Subsequently, law enforcement arrested him and provided him with his Miranda rights. Id. at ¶ 11. The defendant thereafter waived his Miranda rights and made statements regarding his criminal conduct. Id.

During the search of the defendant's residence on December 14, 2018, law enforcement recovered the following items from the defendant's residence:

- Over 100 grams of a mixture and substance containing acetyl fentanyl, a Schedule I controlled substance, and an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl);

- Over 40 grams of a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl);

- Cocaine, a Schedule II controlled substance;

- Marijuana, a Schedule I controlled substance;

- Alprazolam, a Schedule IV controlled substance;

- Various drug packaging and processing materials, including scales, baggies, and razor blades;

- Various drug paraphernalia;

- Five bolt-action rifles;

- Two shotguns;

- One Taser;

- A large amount of various ammunition;

- Several commercial fireworks; and,

- One suspected improvised explosive device.

Id. at ¶ 9.

On December 15, 2018, this Court signed a criminal complaint charging the defendant with violations of Title 18, United States Code, Sections 924(c)(1), Title 21, United States Code, Section 841(a)(1) and 856, and Title 26, United States Code, Sections 5822, 5845(a)(8), 5845(f), 5845(i), 5861(f), and 5871. See Doc. No. 1.

On that same date, the defendant appeared before this Court for his initial appearance; at that time, the government moved for detention. See Doc. No. 2. On January 28, 2019, and again on February 4, 2019, the Court held a detention hearing. See Doc. Nos. 6–7.

During the detention hearing, the government proffered information about the defendant, the defendant's background, and the items recovered by law enforcement during the execution of the search warrant and arrest of the defendant. Id. In particular, the government proffered information about the defendant's membership in the Kingsmen

Motorcycle Club, which is an organization involved in assorted criminal activity, and possession of "white supremacy" and "hate speech" materials, including books and posters. The government also proffered information regarding the items found in the defendant's possession, including, among other items, a homemade bomb, firearms, ammunition, narcotics, and narcotics packaging materials.

Additionally, the bail report noted the defendant's lengthy history of mental health challenges, which includes explosive disorder, bipolar disorder, anxiety, manic depression, and schizoaffective disorder, as well as a history of auditory hallucinations. See Bail Report at 3. The defendant's mother reported that the defendant has attempted suicide and "a couple of weeks" before the arrest, "threatened to crash his car." Id.

Equally significant, the bail report detailed the defendant's substance abuse history. Id. In particular, the defendant has abused alcohol, designer stimulants, psilocybin mushrooms, heroin, benzodiazepines, marijuana, cocaine, and methamphetamines. Id. The defendant advised that he "refused treatment after he was directed to stop using marijuana." Id. bail report noted discrepancies regarding the defendant's employment history and source of income. See Bail Report at 2.

On February 4, 2019, this Court signed an Order of Detention Pending Trial; the order states that, in part, a reason for detaining the defendant was his possession of a homemade improved explosive device in which "[t]he only purpose for such a device would be to harm people." See Doc. No. 8 at 3.

On May 17, 2019, a federal Grand Jury in the Western District of New York returned a twelve-count indictment charging the defendant with the following:

- Narcotics Conspiracy, in violation of Title 21, United States Code, Section 846 (Count 1);

- Possession with Intent to Distribute Acetyl Fentanyl and Fentanyl, in violation of Title 21, United States Code, Section 841(a)(1) (Count 2);

- Possession with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Section 841(a)(1) (Count 3);

- Possession with Intent to Distribute Marijuana, in violation of Title 21, United States Code, Section 841(a)(1) (Count 4);

- Possession with Intent to Distribute Alprazolam, in violation of Title 21, United States Code, Section 841(a)(1) (Count 5);

- Maintaining a Drug-Involved Premises, in violation of Title 21, United States Code, Section 856(a)(1) (Count 6);

- Manufacturing Controlled Substances Creating a Substantial Risk of Harm to Human Life, in violation of Title 21, United States Code, Section 858 (Count 7);

- Unlawfully Making a Destructive Device, in violation of Title 26, United States Code, Sections 5822, 5845(a)(8), 5845(f), 5845(i), 5861(f), and 5871 (Count 8):

- Unlawfully Possessing a Destructive Device, in violation of Title 26, United States Code, Sections 5841, 5845(a)(8), 5845(f), 5861(d), and 5871 (Count 9);

- Unlawfully Possessing of a Destructive Device, in violation of Title 26, United States Code, Sections 5822, 5845(a)(8), 5845(f), 5845(i), 5845(c), and 5871 (Count 10);

- Possession of Firearms in Furtherance of Drug Trafficking Crimes, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(B)(ii), and 2 (Count 11); and,

- Possession of a Stolen Firearm, in violation of Title 18, United States Code, Sections 922(j), 924(a)(2), and 2 (Count 12).

See Doc. No. 15.  The Narcotics Conspiracy charge (Count 1) carries a mandatory minimum term of imprisonment of ten years and a maximum of life imprisonment.  Id.  Similarly, the charge for Possession of Firearms in Furtherance of Drug Trafficking charge (Count 11) carries a sentence of a term of imprisonment for a minimum of thirty years, to be served consecutive to any other sentence, with a maximum term of imprisonment of up to life.  Id.

On April 8, 2020, the defendant filed the instant motion for release from custody.  See Doc. No. 49.

As previously argued by the government at the detention hearing, the defendant has not established that he is entitled to bail pending sentencing, as he has failed to demonstrate, by clear and convincing evidence, that he is not likely to flee and that he does not pose a danger to any other person or the community.  Since the detention hearing, there is no change in circumstances that warrant a change in the Court's determination.  Additionally, the defendant's motion failed to present a "compelling reason" in support of his release from custody.  See 18 U.S.C. § 3142(i); see also Doc. No. 49.

## II.  ARGUMENT

### A.  The Defendant has Failed to Demonstrate that the Defendant is Not Likely to Fail to Appear and that the Defendant Does Not Pose a Danger to Any Other Person or the Community.

The government incorporates by reference, as though set forth fully herein, the government's previous argument, as set forth at the detention hearing in this matter, that by clear and convincing evidence, the defendant is not likely to flee and that he does not pose a danger to any other person or the community.  See Doc Nos. 7-8.

In particular, the government relies upon the information regarding the defendant's:

- pending charges, which includes narcotics conspiracy and gun charges, both of which carry mandatory minimum sentences totaling 40 years;

- arrest, which includes unlawful possession of a loaded firearm;

- possession of a homemade improvised explosive device;

- possession of racist material bearing "white pride" and Nazi-related content;

- membership in the Kingsmen Motorcycle Club;

- possession of narcotics, including over 100 grams of a mixture and substance containing acetyl fentanyl and cocaine;

- possession of drug-packaging materials;

- possession of multiple firearms and rounds of ammunition;

- substance abuse history, which includes information about his use of alcohol, designer stimulants, psilocybin mushrooms, heroin, benzodiazepines, marijuana, cocaine, and methamphetamines, and subsequent refusal to continue treatment;

- mental health challenges, including hallucinations, disorders, and threats to hurt himself (and possibly others);

- order of protection issued against him; and,

- inconsistent information regarding his employment and income history.

The government strongly opposes the release of the defendant.  Since the time of the detention hearing, there has not been a change in any circumstances.  Rather, since the detention hearing, the defendant has been indicted and now faces a mandatory minimum of 40 years imprisonment if convicted of these charges (see Doc. No. 15); the government notes that the weight of the evidence against the defendant is significant.

As demonstrated by the information regarding the defendant's background, the charges pending against him, and the weight of the evidence against the defendant, there is no condition or combination of conditions that will reasonably assure the defendant's appearance as required and the safety of the community.  See 18 U.S.C. § 3142(e)(1).

**B.    The Defendant has Failed to Demonstrate a "Compelling Reason" to Release the Defendant.**

As demonstrated below, contrary to the defendant's motion, the defendant as failed to present a "compelling reason," pursuant to Title 18, United States Code, Section 3142(i), in support of the defendant's motion for release.  See Doc. No. 49.

The defendant's motion incorrectly asserts that based on the coronavirus pandemic, the defendant should be released "in light of the totality of circumstances."  Id. at 4 (¶ 10). However, the defendant failed to offer any exhibits, evidence, or information in support of this claim as it relates specifically to either the defendant or the Niagara County Jail.  Id. Additionally, the defendant failed to address and inform the Court of the significant

procedures installed at the Niagara County Jail to protect the defendant, fellow inmates, and jail personnel in light of the coronavirus pandemic.  Id.

Here, the defendant does not claim that his health has been impaired by his incarceration.  Id.  While the defendant states that "[the defendant's] high risk of serious consequences" suggests he should be released, the defendant has not provided any information to the Court in the form of, for example, medical records about any medical needs which require any kind of specialized medical care, whether substantial or even minor.  Doc. No. 49 at 4 (¶ 10).  Instead, the bail report prepared in this matter for the Court states that "[t]he defendant remarked he is not currently under a doctor's care or prescribed medication."  Bail Report at 3.  The government is not aware of any information that contradicts the defendant's bail report.

The undersigned is aware that the Niagara County Jail has been and continues to remain fully capable of addressing any illness experienced by any inmate.  However, the defendant has not alleged he suffers from any preexisting conditions that make him more susceptible to infection.  Id.

Nevertheless, in light of the pandemic issues, the Niagara County Jail has employed a number of precautions to address the spread of coronavirus or other infectious diseases.  Indeed, the government is not aware of any confirmed cases of COVID-19 among the inmates at the Niagara County Jail.  The facility is screening all new arriving inmates and utilizes an empty housing unit to isolate the new arrivals.  The empty housing unit will also be used to

quarantine any inmates who exhibit COVID-19 symptoms and the facility has cancelled all outside programs. The facility is still allowing attorneys to visit clients although the attorneys' temperatures are tested prior to entering the facility (and will be refused entry if the attorney has a fever). The attorneys and inmates meet in a private, non-monitored, no-contact setting. As such, the jail has applied such measures to protect inmates, such as the defendant, from COVID-19.

Nevertheless, if a case of coronavirus is confirmed in the jail, the jail has the capacity to address the issue and provide treatment. If the defendant needed care, he would be placed in quarantine and would continue to have access to medical staff. If he needed more complex care, he would be taken to an appropriate medical facility. With these safeguards in this place, the defendant's claim of a risk of harm while in jail is overstated. See Doc. No. 49.

As such, the defendant has failed to demonstrate that the defendant should be released pending trial.

## **CONCLUSION**

The defendant has not established that he is entitled to be released, as he has failed to demonstrate, by clear and convincing evidence, that he is not likely to flee and that he does not pose a danger to any other person or the community. Further, he has failed to demonstrate that a "compelling reason" warrants his release.

As a result, the government opposes the defendant's motion for release and respectfully submits that the motion should be denied.

**WHEREFORE**, the above is respectfully submitted.

DATED: Buffalo, New York, April 24, 2020.

JAMES P. KENNEDY, JR.
United States Attorney

BY: s/BRENDAN T. CULLINANE
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York  14202
716/843-5875
Brendan.Cullinane@usdoj.gov