UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

UNITED STATES OF AMERICA,

v.                                                       19-CR-106 (JLS) (MJR)

JEFFREY RICHARDS,

Defendant.

_____

## DECISION AND ORDER

Defendant Jeffrey Richards is charged in a 12-count indictment with committing various narcotics and firearms offenses. *See* Dkt. 15. On May 17, 2019, United States Magistrate Judge Michael J. Roemer was designated to hear and determine, and report and recommend on, all pre-trial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. 17. This case, originally assigned to United States District Judge Lawrence J. Vilardo, was reassigned to this Court on January 3, 2020. Dkt. 39.

On October 23, 2019, Richards filed omnibus suppression and discovery motions. Dkt. 35. Richard moved to suppress evidence obtained during a search of his residence pursuant to a search warrant on December 14, 2018, as well as evidence and statements obtained resulting from his stop and arrest by law enforcement on that same day. *Id.* The Government responded in opposition to Richards's motion on November 14, 2019. Dkt. 36.

Judge Roemer heard oral argument on these motions on December 13, 2019.
Dkt. 37.  Judge Roemer granted the request for an evidentiary hearing as to the
motion to suppress physical evidence obtained during the December 14, 2018 stop—
including a firearm recovered from a vehicle Richards was driving.  *Id.*  Judge
Roemer instructed Richards to file an affidavit of standing, *see id.*, which he did on
January 3, 2020.  Dkt. 38.

An evidentiary hearing was held on January 27, 2020, which included
testimony from two Federal Bureau of Investigation agents.  Dkt. 43.  Richards and
the Government filed post-hearing briefs and responses.  Dkts. 54-56.  Judge
Roemer heard oral argument on the motions on June 24, 2020.  Dkt. 57.  Richards
moved to reopen the evidentiary hearing to present testimony from Todd Biro, the
passenger in the car when Richards was stopped on December 14, 2018.  *Id.*  Judge
Roemer ordered further briefing on the motion to reopen and instructed defense
counsel to submit an affidavit detailing Biro's anticipated testimony.  *Id.*  On July 9,
2020, defense counsel filed an attorney affirmation addressing the request to reopen
as well as a supplemental submission requesting a *Franks* hearing to address
whether probable cause existed to issue the search warrant of Richards's residence.
Dkts. 58-59.  At an appearance on July 10, 2020, Judge Roemer instructed defense
counsel to file an affidavit from Biro as previously discussed.  Dkt. 61.  On July 23,
2020, Richards filed an affidavit by a hired investigator, who had interviewed Biro
regarding the December 14, 2018 stop.  Dkt. 60.  The Government opposed

Richards's requests to hold a *Franks* hearing and to reopen the evidentiary hearing. Dkt. 64.

On August 12, 2020, the parties appeared before Judge Roemer, who denied Richards's request for a *Franks* hearing after hearing argument. Dkt. 65. Judge Roemer granted the request to reopen the evidentiary hearing. *Id.* On October 22, 2020, Biro appeared in court at the evidentiary hearing—but indicated that if he were called to testify, he would assert his Fifth Amendment right to remain silent. Dkt. 76. Defense counsel requested he be allowed to call his own investigator to testify, which the Government opposed. *Id.* Judge Roemer permitted briefing on the issue of whether Biro's statements were admissible as statements against interest. Dkts. 78-79. Oral argument on this issue was held on November 10, 2020, where Judge Roemer concluded the anticipated testimony did not qualify as statements against interest and denied the request to call the investigator. Dkt. 80. Judge Roemer entered the investigator's affidavit (Dkt. 60) as an exhibit to the evidentiary hearing. Dkt. 80. The Government and Richards submitted final briefing on the suppression motions on November 17 and 24, 2020, and December 1, 2020. Dkts. 81, 82, 84, 85.

On December 29, 2020, Judge Roemer issued a joint Report, Recommendation, and Order ("R&R") recommending that this Court deny the motions to suppress evidence and statements. Dkt. 86. Judge Roemer concluded that the stop and arrest of Richards on December 14, 2018, did not violate the Fourth Amendment because the officers "had probable cause to conduct a

3

warrantless arrest of Richards when they initially encountered him." *Id.* at 19-21. Alternatively, Judge Roemer concluded that law enforcement officials had "reasonable suspicion to conduct an investigatory stop of Richards when they first encountered him, and probable cause to arrest him arose when officers discovered the firearm, in plain view, during the course of the lawful investigatory stop." *Id.* at 22. Judge Roemer also concluded the discovery of the firearm did not violate the Fourth Amendment due to the plain view exception. *Id.* at 29-32. Judge Roemer determined there was no basis to suppress Richards's statements following his arrest, nor was there a basis to suppress the evidence obtained from the search of his residence on December 14, 2018. *Id.* at 31-34. Judge Roemer also ruled on numerous discovery motions and requests.[1]

Richards objected to the R&R on January 12, 2021. Dkt. 87. Richards argues that the stop, arrest, and seizure clearly violated the Fourth Amendment; that the contraband seized by warrant should be suppressed or a *Franks* hearing should have been ordered relating to the search warrant; the warrant was overbroad and lacked particularity; and the "good faith" exception does not apply. *See generally id.* The Government responded on January 27, 2021. Dkt. 89. Richards did not file a reply.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). A district

---

[1] Richards's objections did not challenge any of Judge Roemer's rulings on his discovery and other requests.

court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

This Court reviewed the relevant record in this case, Judge Roemer's R&R, the objections, and the government's response.  Based on that review, the Court accepts and adopts Judge Roemer's recommendation to deny Richards's motions to suppress evidence and statements.

## CONCLUSION

For the reasons stated above and in the R&R, the Court DENIES Richards's motions to suppress evidence and statements (Dkt. 35).

The parties shall appear before this Court on February 25, 2021, at 2:00 p.m. for a status conference to set a trial date.

SO ORDERED.

Dated:       February 22, 2021
             Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE